PETE MAHARIAS, T/A QUONSET HUT RESTAURANT v.
WEATHERS BROTHERS MOVING AND STORAGE.

(Filed 10 October 1962.)

**Negligence § 33—**

Evidence tending to show that fire originated on defendant's premises, which spread and caused damage to plaintiff's building, that after the fire, rags with furniture polish on them were found in the room in which the fire originated, together with evidence that the fire could have been caused by spontaneous combustion, but also that it was possible that it resulted from any one of a number of causes, *held* insufficient to be submitted to the jury, since the evidence raises a mere conjecture or speculation as to the cause of the fire.

APPEAL by plaintiff from *McLean, J.,* June 18, 1962 Special "A" Term of MECKLENBURG.

Action to recover damages for destruction of and injury to plaintiff's property by fire which originated by reason of the alleged actionable negligence of defendant.

From judgment of involuntary nonsuit, plaintiff appeals.

*Plumides & Plumides and Warren D. Blair for appellant.*
*McDougle, Ervin, Horack & Snepp for appellee.*

PER CURIAM. The nonsuit was entered at the close of plaintiff's evidence, which tends to show the following particulars:

Plaintiff is the owner of the Quonset Hut Restaurant located in Charlotte. Defendant owns a warehouse in which it stores and refinishes used furniture. The warehouse is about 4 feet south and to the rear of the restaurant. About 10:00 P.M. on 9 June 1961 a fire started in a room in the northwest corner of the warehouse and spread to other parts of the warehouse and to plaintiff's establishment, causing fire, water and smoke damage to plaintiff's place of business and its contents. The room in which the fire originated had been used by defendant as a location for polishing furniture. Most of the merchandise in this room was destroyed by the fire. After the fire had been extinguished, Mr. Black, the Assistant Fire Chief, inspected the room and found an overturned metal cabinet, evidence of burned rags, and about a half-bushel of charred rags piled in a corner. There was some type of furniture polish on the rags. Mr. Black stated that, in his opinion, the pile of rags "could have caused spontaneous combustion." On cross-examination he stated that he didn't know where the rags were before the fire and that it was "possible that this fire could have happened from any one of a number of causes."

Plaintiff alleges that his loss was proximately caused by the negligence of defendant in permitting a pile of rags covered by highly inflammable fluid to accumulate, and that the fire resulted from spontaneous combustion of the pile of rags.

Nonsuit was proper. The evidence raised a mere conjecture, surmise and speculation as to the cause of the fire. A cause of action must be based on something more than a guess.

The judgment below is
Affirmed.