PEOPLE'S CENTER, INC. v. ROBERT N. ANDERSON, JR.; DONALD
E. STEWART, JAMES M. WELL, RAYMOND J. GREEN, L.
SUMNER WINN, JR., THOMAS F. BRIDGES, JON A. CONDORET,
MORRIS V. BROOKHART, d/b/a CITY PLANNING AND ARCHI-
TECTURAL ASSOCIATES

No. 7610SC818

(Filed 6 April 1977)

1. Rules of Civil Procedure § 50— ruling on directed verdict — findings
   of fact
       The trial court did not inappropriately make findings of fact in
   its judgment directing a verdict for defendants where the court merely
   stated his reason for allowing the motion.

2. Architects; Negligence § 8— negligence not proximate cause of damages
       The evidence was insufficient to support a jury finding that
   negligence by defendant architects in making inaccurate reports on the
   progress of a shopping center was a proximate cause of damages suf-
   fered by plaintiff because of additional expenditures to complete the
   shopping center after the builder abandoned the project and loss of
   rentals and forfeited loan fees resulting from the delay in opening
   the shopping center, where there was no evidence that plaintiff could
   have taken any action to decrease the total cost of the project or to
   move forward the opening date had it been accurately informed of the
   status of the project by defendants' progress reports.

APPEAL by plaintiff from *Godwin, Judge.* Judgment en-
tered 7 May 1976 in Superior Court, WAKE County. Heard in
Court of Appeals 16 March 1977.

In this civil action plaintiff, People's Center, Inc., seeks
to recover from defendants, Robert N. Anderson, Jr., *et al*, do-
ing business as City Planning and Architectural Associates, a
professional association, $838,492.64 allegedly resulting from
defendants' negligence in issuing certain progress reports with
respect to the construction of a shopping center in Chester, South
Carolina.

The evidence offered by plaintiff at trial tends to show
the following pertinent facts:

In 1969 plaintiff obtained construction and permanent loan
commitments for the construction of a shopping center in Ches-
ter, South Carolina. On 15 January 1970 plaintiff and Hutchins
Construction Co., Inc. entered into a written contract in which
Hutchins agreed to construct the shopping center by 15 Sep-
tember 1970 for $850,000. The contract provided that defendants

would be the architects for the project. Defendants prepared specifications for the shopping center and sent copies to plaintiff. The construction lender, Wachovia Mortgage Co., made disbursements to Hutchins beginning on 27 January 1970 as the construction progressed. In May 1970 Hutchins' bonding company and Wachovia became concerned about Hutchins' financial condition, and the parties agreed that beginning in June all disbursements from the loan fund would be made by check payable jointly to Hutchins, plaintiff, and an attorney who would check the title of the property at the time of each disbursement for the filing of any laborer's liens. Wachovia also requested that thereafter defendants submit a progress report on the status of the construction whenever a disbursement was made. Defendants submitted progress reports, of which plaintiff received copies, on 16 July, 17 August, 10 September, 22 September, and 8 October 1970. All of them stated that work was proceeding in a satisfactory manner, and all except the one dated 17 August stated that the work was progressing on schedule. Hutchins abandoned the project on 15 October 1970. From 16 July 1970 to Hutchins' default $448,000 was disbursed from the loan fund, and the total amount spent on the project up to Hutchins' default equalled $857,221.57. After Hutchins defaulted plaintiff completed the project in May 1971 at the additional cost of either $807,000 (testimony of David McConnell) or $624,224.36 (testimony of John Rosser). Plaintiff forfeited a $20,000 loan commitment fee and a $28,287.66 finalization fee, and it lost rental income because of the delay in opening the shopping center.

Defendant offered no evidence and moved for a directed verdict. The court allowed the motion and entered a judgment directing a verdict for the defendant.

Plaintiff appealed.

*Broughton, Broughton, McConnell & Boxley and Haywood, Denny & Miller, by John D. McConnell, Jr., for plaintiff appellant.*

*Cooper, Dodd & Pipkin by Gene Dodd, and Young, Moore, Henderson & Alvis by J. C. Moore and Charles H. Young, Jr., for defendant appellees.*

HEDRICK, Judge.

[1]   Plaintiff first contends it is entitled to a new trial because the court inappropriately made "findings of fact" in its judgment directing a verdict for the defendants. While the order allowing defendants' motion for a directed verdict does recite, "[T]here is evidence tending to show that defendants were negligent in making the certifications which have been identified as plaintiff's exhibits numbers 5, 14, 15, 16, 17 and 18, but that there is no evidence tending to show that such negligence proximately resulted in damage to plaintiff, as alleged in the pleadings," such a recital is not findings of fact. Judge Godwin was merely stating his reason for allowing the motion. This contention has no merit.

[2]   Assuming *arguendo* that the record does contain evidence tending to show that defendants were negligent in making the progress reports complained of, the question remains as to whether the record contains any evidence that such negligence was a proximate cause of any damage allegedly sustained by plaintiff.

"It is an elementary principle that all damages must flow directly and naturally from the wrong, and that they must be certain both in their nature and *in respect to the cause from which they proceed*." *Johnson v. Railroad,* 184 N.C. 101, 105, 113 S.E. 606, 608 (1922) (emphasis added).

> "The principle which will not allow the recovery of damages when their existence rests solely on speculation applies both to the fact of damages and to their cause. Thus, a plaintiff cannot recover damages by proving only that the defendant has unlawfully violated some duty owing to the plaintiff, leaving the trier of fact to speculate as to the damages; he must go further and prove the nature and extent of the damage suffered by the plaintiff and that the breach of duty was the legal cause of that damage. Leaving either of these damage questions to speculation on the part of the trier of fact will prevent recovery. Therefore, no recovery can be had in those cases in which it is uncertain whether the plaintiff suffered any damage. Also, no recovery is allowed when resort to speculation or conjecture is necessary to determine whether the damage resulted from the unlawful act of which complaint is made or from some

other source." 22 Am. Jur. 2d, Damages § 24 (1965). With respect to damages plaintiff, in its complaint, alleged:

"10. The contract between plaintiff and Hutchins Construction Co., Inc. required completion of the project by September 15, 1970, and not only was the same not completed by then, but within a week of the defendants' progress report dated October 8, 1970, Hutchins Construction Co., Inc. gave notice that it defaulted on its contract. In fact, plaintiff later determined that the project was no more than 50% complete at the time of the defendants' progress report of October 8, 1970, therefore making all of the defendants' said progress reports extremely incorrect and obviously negligently made; and the plaintiff, in order to complete the contracted for shopping center, which was to have cost $850,000, had to expend an additional $758,-492.64 to complete the project, and in addition to the aforesaid expenditure, the plaintiff suffered a loss of $80,000 in rentals because of the extra six months it took to complete the project after the default of Hutchins Construction Co., Inc.

"11. That as a result of the careless and negligent actions of the defendants in their professional representations, made to and relied upon by the plaintiff as herein set out, the plaintiff has been injured and damaged, and suffered losses in the amount of $838,492.64."

With respect to damages the only inference reasonably deducible from the evidence is that in addition to the $857,221.57 paid to Hutchins, plaintiff expended either $807,000 or $624,-224.36 in completing the shopping center after Hutchins abandoned the project and it lost certain rentals and forfeited certain fees due to the delay in opening the shopping center. There is no evidence in this record that plaintiff could have taken any action to decrease the total cost of the project or to move forward the ultimate opening date of the shopping center had it been fully and accurately informed of the status of the project by defendants' progress reports. The jury could have only speculated as to whether defendants' alleged negligence was the source of any damage. Indeed, as to the source of the damage, the only inference reasonably deducible from the evidence is that any damage suffered by plaintiff was caused solely by Hutchins' default.

The judgment appealed from is

Affirmed.

Judges BRITT and CLARK concur.