ELM ST. GALLERY, INC., WILLIAM B. HEROY, ANNA R. HEROY, INDIVIDUALLY AND D/B/A HEROY STUDIOS AND OLD PHOTO SPECIALISTS, INC., PLAINTIFFS v. ROBERT M. WILLIAMS AND SHELIA V. WILLIAMS, DEFENDANTS

No. COA08-10

(Filed 5 August 2008)

**1. Negligence— fire damage—causation—mere conjecture, surmise, and speculation—summary judgment**

The trial court did not err in a negligence case arising from fire damage by granting defendants' motion for summary judgment on the issue of the cause of the fire because: (1) plaintiffs' assertion that the evidence pointed to an electrical fire originating from the right rear of defendants' building was a mere conjecture, surmise, and speculation as to the cause of the fire; (2) the record was devoid of any evidence tending to support plaintiffs' assertion when an inspector and two other experts were unable to determine the origin of the fire; and (3) plaintiffs failed to establish any inference that the alleged negligence by defendants was the actual or proximate cause of their injury.

**2. Negligence— fire damage—proximate cause—delay taking corrective action to remedy condition—summary judgment**

The trial court did not err in a negligence case arising from fire damage by granting defendants' motion for summary judgment on the issue of whether defendants negligently delayed taking corrective action to remedy the condition of their building after the fire occurred because: (1) assuming arguendo that plain-

tiffs could establish a duty and breach thereof, plaintiffs failed to produce any evidence tending to show or raise any inference that defendants' alleged negligence was the proximate cause of plaintiffs' injury; (2) speculation or mere conjecture would be required to determine whether the damage to plaintiffs' building resulted from defendants' delay in the demolition, plaintiffs' repairs to their building, or from some other source; and (3) plaintiffs' unsubstantiated and contradictory allegations were insufficient to establish any inference that defendants' alleged negligence was the actual or proximate cause of plaintiffs' injury.

Appeal by plaintiff from order entered 14 August 2007 by Judge John O. Craig, III in Guilford County Superior Court. Heard in the Court of Appeals 21 May 2008.

*Butler & Quinn, P.L.L.C., by W. Rob Heroy, for plaintiff-appellants.*

*Smith, James, Rowlett & Cohen, L.L.P., by Norman B. Smith, for defendant-appellees.*

TYSON, Judge.

Elm St. Gallery, Inc., William and Anna Heroy, individually and d/b/a Heroy Studios and Old Photo Specialists, Inc. (collectively, "plaintiffs") appeal from an order entered granting Robert and Shelia Williams' (collectively, "defendants") motion for summary judgment. We affirm.

## I. Background

Elm St. Gallery, Inc. is the owner of property located at 320 South Elm Street, Greensboro, North Carolina ("plaintiffs' building"). Defendants formerly owned property located at 324 South Elm Street ("defendants' building"), which adjoined plaintiffs' building by a shared party wall. On 24 October 2003, a fire occurred in defendants' unoccupied building.

At the time of the fire, William and Anna Heroy owned a photography business located on the first floor of plaintiffs' building. The second and third floors of plaintiffs' building were rented as residential apartments. As a result of the fire, plaintiffs' building sustained damage and the photography business and residential tenants were required to vacate the premises.

Plaintiffs commenced repairs and renovations to the party wall and to their building. Plaintiffs demanded defendants demolish the remnants of their building to facilitate plaintiffs' repairs. Defendants allegedly expressed an intent to comply with plaintiffs' requests, but failed to do so.

Due to defendants' inaction in demolishing the remnants of their building, the City of Greensboro issued a demolition order. On 21 February 2005, defendants sold their property to a third party, who subsequently demolished the building.

On 13 June 2006, plaintiffs filed an unverified complaint and alleged defendants had negligently maintained their building in such a condition that caused or contributed to the start and spread of the fire. On 16 June 2006, plaintiffs' filed an amended complaint and further alleged defendants negligently delayed taking corrective action to remedy the condition of their building after the fire. Defendants filed an answer, denied all of plaintiffs' allegations, and raised the affirmative defenses of: (1) contributory negligence; (2) *res judicata*; and (3) failure to mitigate damages.

On 26 April 2007, defendants moved for summary judgment on all of plaintiffs' claims. Plaintiffs also filed a motion for summary judgment regarding defendants' counterclaim. However, no counterclaim was asserted in defendants' original answer and no amended answer is included as part of the record on appeal.

The trial court granted plaintiffs' motion for summary judgment regarding defendants' counterclaim. The trial court also granted defendants' motion for summary judgment on all of plaintiffs' claims contained in their amended complaint. Plaintiffs appeal.

## II. Issues

Plaintiffs argue genuine issues of material fact exist and the trial court erred by granting defendants' motion for summary judgment.

## III. Summary Judgment

Plaintiffs argue the trial court erred by granting defendants' motion for summary judgment because genuine issues of material fact exist regarding: (1) the cause of the fire and (2) whether defendants negligently delayed taking corrective action to remedy the condition of their building after the fire occurred. We disagree.

**ELM ST. GALLERY, INC. v. WILLIAMS**

[191 N.C. App. 760 (2008)]

## A. Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.

A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his of her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense. Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.

Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.

We review an order allowing summary judgment *de novo*. If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal.

*Wilkins v. Safran*, 185 N.C. App. 668, 672, 649 S.E.2d 658, 661 (2007) (internal citations and quotations omitted).

## B. Analysis

Our Supreme Court has "emphasized that summary judgment is a drastic measure, and it should be used with caution[,]" especially in negligence cases in which a jury ordinarily applies a reasonable person standard to the facts of each case. *Williams v. Power & Light Co.*, 296 N.C. 400, 402, 250 S.E.2d 255, 257 (1979) (citation omitted). Summary judgment has been held to be proper in negligence cases "where the evidence fails to show negligence on the part of defendant, or where contributory negligence on the part of plaintiff is established, or where it is established that the purported negligence of defendant was not the proximate cause of plaintiff's injury." *Hale v. Power Co.*, 40 N.C. App. 202, 203, 252 S.E.2d 265, 267 (citation omitted), *cert. denied*, 297 N.C. 452, 256 S.E.2d 805 (1979).

## 1. Causation

**[1]** Our Supreme Court has addressed the issue of causation in several cases that involve negligence actions arising from fire damage. *See Snow v. Power Co.*, 297 N.C. 591, 256 S.E.2d 227 (1979); *Phelps v. Winston-Salem*, 272 N.C. 24, 157 S.E.2d 719 (1967); *Maharias v. Storage Co.*, 257 N.C. 767, 127 S.E.2d 548 (1962). In both *Maharias* and *Phelps*, our Supreme Court affirmed judgments, which dismissed the plaintiffs' negligence claims based upon a lack of evidence tending to show a causal link between the defendants' alleged negligence and the origin of the fire. 257 N.C. at 767-68, 127 S.E.2d at 549; 272 N.C. at 24, 157 S.E.2d at 719.

In *Maharias*, a fire originated at the defendant's warehouse and caused significant damage to the plaintiff's adjacent restaurant and the contents within. 257 N.C. at 767, 127 S.E.2d at 549. An Assistant Fire Chief inspected the defendant's building and opined that it was possible the fire had been caused by spontaneous combustion of a pile of furniture-polishing rags, but that "[the] fire could have happened from any one of a number of causes." *Id.* Our Supreme Court held that non-suit entered at the close of the plaintiff's evidence was proper because "[t]he evidence raised a mere conjecture, surmise and speculation as to the cause of the fire." *Id.* at 768, 127 S.E.2d at 549. Our Supreme Court further stated, "[a] cause of action must be based on something more than a guess." *Id.*

In *Phelps*, the plaintiffs were tenants in a building owned and operated by the City of Winston-Salem. 272 N.C. at 25, 157 S.E.2d at 720. A fire originated in the defendant's building and destroyed a substantial amount of the plaintiffs' belongings. *Id.* at 26, 157 S.E.2d at 720. The plaintiffs alleged the defendant had negligently allowed combustible materials to accumulate in the building and had failed to provide fire safety equipment. *Id.* at 26, 157 S.E.2d at 721. The fire chief and the captain in charge of the Fire Prevention Bureau both testified they were unable to determine the cause of the fire. *Id.* at 27, 157 S.E.2d at 721. Applying the reasoning in *Maharias*, our Supreme Court held that the cause of the fire was "unexplained" and stated:

> [p]roof of the burning alone is not sufficient to establish liability, for if nothing more appears, the presumption is that the fire was the result of accident or some providential cause. There can be no liability without satisfactory proof, by either direct or circumstantial evidence, not only of the burning of the property in ques-

tion but that it was the proximate result of negligence and did not result from natural or accidental causes.

*Id.* at 31, 157 S.E.2d at 724 (citation omitted). Our Supreme Court further stated that the plaintiff bears the burden to "affirmatively fix [responsibility] upon the defendant by the greater weight of the evidence." *Id.* at 28, 157 S.E.2d at 722.

Several years later in *Snow*, our Supreme Court limited the holdings in *Maharias* and *Phelps* to the particular facts presented in both cases and acknowledged that the circumstances in *Snow* presented a "very different factual context." 297 N.C. at 598, 256 S.E.2d at 232. In *Snow*, the plaintiffs filed a negligence action against Duke Power Company and alleged a fire originated at a faulty electrical meter attached to a barn. *Id.* at 597, 256 S.E.2d at 232. The plaintiffs presented evidence tending to show:

> (1) that the fire originated at a point where the wiring connecting the weatherhead to the meter box was "hot" with electrical current; (2) that the initially compact and concentrated nature of the flames was consistent with an electrical fire; [and] (3) that the fire took some time to spread from the front of the barn—where the "hot wires" were located—to the back of the barn.

*Id.* at 598, 256 S.E.2d at 232. The plaintiffs also presented evidence which tended to negate the likelihood of other causes of the fire. *Id.*

Our Supreme Court affirmed the trial court's denial of the defendant's motion for a directed verdict on the theory of *res ipsa loquitur* and stated "[i]f the facts proven establish the more reasonable probability that the fire was electrical in origin, then the case cannot be withdrawn from the jury though all possible causes have not been eliminated." *Id.* at 597, 256 S.E.2d at 232.

Plaintiffs argue that *Snow* is "controlling." We disagree and find the factual backgrounds and analyses presented in *Maharias* and *Phelps* to be directly on point with the facts at bar.

Here, Greensboro Fire Department Inspector Myron E. Kenan ("Inspector Kenan") arrived at the scene of the fire and observed the building fully engulfed in flames. After the fire was extinguished, the building was deemed unsafe to enter. An investigation could not be immediately completed to determine the cause or origin of the fire. A month later, on 25 November 2003, Inspector Kenan returned to the site and conducted his investigation. Inspector Kenan discovered a

portion of the second floor was severely damaged and opined that the fire had originated in the right rear corner of that floor. Further investigation revealed "three generations of electrical wiring design" within the building.

Inspector Kenan photographed and examined all of the electrical panels located in the vicinity of the damaged portion of the second floor. Inspector Kenan's report specifically stated that he "did not find any prevalent indications of an electrical cause of the fire. However, with the extent of fire damage [he] [could not] determine that this fire was not electrical in nature."

Another member of the investigation team, "who ha[d] extensive knowledge of electrical service and equipment[,]" agreed with Inspector Kenan's findings. The fire investigation report further stated, "In addition to not being able to deduct all possible accidental causes[,] I cannot make a determination that this fire was or was not incendiary in nature." The cause of the fire was ultimately listed as "undetermined."

Although our Supreme Court has acknowledged that "the origin of a fire may be established by circumstantial evidence[,]" it has also stated, "[w]hether the circumstantial evidence is sufficient to take the case out of the realm of conjecture and into the field of legitimate inference from established facts, must be determined in relation to the attendant facts and circumstances of each case." *Snow*, 297 N.C. at 597, 256 S.E.2d at 232 (citations and quotations omitted). Here, plaintiffs' assertion that the evidence points to "an electrical fire originating from the right rear of [d]efendants' building" is "a mere conjecture, surmise and speculation as to the cause of the fire." *Maharias*, 257 N.C. at 768, 127 S.E.2d at 549.

The record is completely devoid of any evidence tending to support plaintiffs' assertion. Inspector Kenan and two other experts were unable to determine the origin of the fire. Plaintiffs' unsubstantiated and self-serving allegation that immediately prior to the fire, defendants' rear gutters *could have* allowed water to come into contact with electrical wiring is insufficient to submit the issue of defendants' negligence to the jury. *See Phelps*, 272 N.C. at 31, 157 S.E.2d at 724 ("In order to go to the jury on the question of defendant's negligence causing the fire, plaintiffs must not only show that the fire *might* have been started due to the defendant's negligence, but must show by reasonable affirmative evidence that it *did* so originate." (Emphasis original)).

Plaintiffs have failed to establish any inference that the alleged negligence by defendants was the actual or proximate cause of their injury. Because "[a] cause of action must be based on something more than a guess[,]" the trial court properly granted defendants' motion for summary judgment regarding this issue. *Maharias*, 257 N.C. at 768, 127 S.E.2d at 549. This assignment of error is overruled.

## 2. Corrective Action

**[2]** Plaintiffs also argue genuine issues of material fact exist regarding whether defendants negligently delayed taking corrective action to remedy the condition of their building after the fire occurred. Plaintiffs assert "water was seeping into Plaintiffs' property on account of Defendants' failure to demolish or repair what remained of their building[,]" which impeded repairs to the first floor of plaintiffs' building and caused a loss of potential rental income.

"In order to prevail in a negligence action, plaintiffs must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." *Camalier v. Jeffries*, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (1995) (citation omitted). Presuming *arguendo*, that plaintiffs could establish a duty and breach thereof, plaintiffs have once again failed to produce any evidence tending to show or to raise any inference that defendants' alleged negligence was the proximate cause of plaintiffs' injury.

It is a well established principle that "all damages must flow directly and naturally from the wrong, and that they must be certain both in their nature and *in respect to the cause from which they proceed*." *People's Center, Inc. v. Anderson*, 32 N.C. App. 746, 748, 233 S.E.2d 694, 696 (1977) (citation omitted) (emphasis supplied). "[N]o recovery is allowed when resort to speculation or conjecture is necessary to determine whether the damage resulted from the unlawful act of which complaint is made or from some other source." *Id.* at 748-49, 233 S.E.2d at 696 (citation omitted).

During William Heroy's deposition he testified, "[a]ccording [to] the inspector, the water intrusion from [defendants'] existing building there penetrated the walls top to bottom." Plaintiffs' attorney also wrote a letter to defendants that asserted the condition of defendants' building after the fire was "allowing water runoff onto the property at 320 S. Elm Street[.]"

Plaintiffs have presented no evidence to support these allegations. The record on appeal contains no sworn affidavit from plain-

tiffs' supposed inspector nor any inspection report. The record is also completely devoid of any other evidence that tends to establish that defendants' delay in demolishing and/or repairing their building caused the moisture problems of which plaintiffs now complain.

Further, William Heroy, perhaps unknowingly, contradicted his earlier allegations by testifying that at the time of his deposition, the "water intrusion" was continuing to impact reconstruction even after the total demolition of defendants' former building was completed. Viewing the evidence in the light most favorable to plaintiffs, the trial court properly granted defendants' motion for summary judgment because speculation or conjecture would be required to determine whether the damage to plaintiffs' building resulted from defendants' delay in the demolition, plaintiffs' repairs to their building, or from some other source. *People's Center, Inc.*, 32 N.C. App. at 748-49, 233 S.E.2d at 696.

Plaintiffs' unsubstantiated and contradictory allegations are insufficient to establish any inference that defendants' alleged negligence was the actual or proximate cause of plaintiffs' injury. The trial court properly entered summary judgment in favor of defendants. This assignment of error is overruled.

## IV. Conclusion

Plaintiffs failed to establish defendants' purported negligence, before or after the fire, provided a causal connection to plaintiffs' alleged damages. The trial court properly granted defendants' motion for summary judgment. The trial court's order is affirmed.

Affirmed.

Judges HUNTER and JACKSON concur.