NO. COA14-577

 NORTH CAROLINA COURT OF APPEALS

 Filed: 6 January 2015

JEANNE A. CLARK,
 Plaintiff,

 v. Wake County
 No. 13 CVD 10681
RICHARD J. BICHSEL,
 Defendant.

 Appeal by defendant from order entered 23 December 2013 by

Judge Lori G. Christian in Wake County District Court. Heard in

the Court of Appeals 22 October 2014.

 No brief filed for plaintiff-appellee.

 Heidgerd Law Office, LLP, by Eric D. Edwards and Jason E.
 Spain, for defendant-appellant.

 STEELMAN, Judge.

 The trial court’s findings of fact were supported by

competent evidence, and in turn support the trial court’s award

of a monetary judgment in favor of plaintiff. Where defendant

failed to raise the affirmative defense of mitigation at trial,

that argument on appeal is dismissed. The trial court erred in

ordering defendant to pay money damages within 60 days.

 I. Factual and Procedural Background
 -2-
 Jeanne Clark (plaintiff) and Richard Bichsel (defendant)

entered into a lease agreement with a third party for an

apartment beginning 1 September 2012 and expiring 1 September

2013. The parties agreed that they would each pay half of the

rent. Defendant paid his half of the rent for the months of

September, October, November, and December of 2012. In December

of 2012, defendant moved out of the apartment. Defendant

notified the apartment leasing agency that he would be moving

out, and that plaintiff would remain on the premises with her

three children and one dog. Neither party attempted to

renegotiate the lease. After defendant’s departure, plaintiff

paid the entire rent.

 On 1 July 2013, plaintiff filed a complaint for money owed

against defendant in the Small Claims Court for Wake County. On

1 August 2013, the magistrate entered judgment in favor of

plaintiff, and ordered defendant to pay $5,000. Defendant

appealed to the District Court of Wake County. The case went to

arbitration pursuant to N.C. Gen. Stat. § 7A-37.1. On 7 October

2013, an arbitration award was filed in favor of defendant,

awarding nothing to plaintiff. On 1 November 2013, plaintiff

appealed this decision to the District Court of Wake County.
 -3-
 The case was heard by the trial court, sitting without a

jury. On 23 December 2013, the trial court entered its judgment

in favor of plaintiff. Specifically, the trial court found that

plaintiff and defendant had an oral contract to split the rent,

that defendant breached that contract, and that plaintiff was

damaged by the breach. The trial court ordered defendant to pay

damages in the amount of $5,280. The trial court further

ordered that “Defendant shall pay Plaintiff within 60 days of

receipt of this order.”

 Defendant appeals.

 II. Findings of Fact

 In his first argument, defendant contends that the trial

court’s findings of fact were not supported by the evidence at

trial. We disagree.

 A. Standard of Review

 “‘[F]indings of fact made by the trial judge are conclusive

on appeal if supported by competent evidence, even if . . .

there is evidence to the contrary.’” Sisk v. Transylvania Cmty.

Hosp., Inc., 364 N.C. 172, 179, 695 S.E.2d 429, 434 (2010)

(quoting Tillman v. Commercial Credit Loans, Inc., 362 N.C. 93,

100-01, 655 S.E.2d 362, 369 (2008)).

 B. Analysis
 -4-
 Defendant contends that the trial court’s findings of fact

numbers 2, 8, 10, 12, and 14 are unsupported by and contrary to

the evidence presented at trial. The trial court specifically

found that:

 2. The parties had a verbal agreement that
 they would each pay half the rent on said
 apartment.

 . . .

 8. Plaintiff relied on Defendant's verbal
 agreement that the parties would to pay half
 of the rent for the term of the lease. The
 lease expired on September 1, 2013.

 . . .

 10. Plaintiff could not pay the entire rent
 without Defendant's commitment to pay half
 the rent.

 . . .

 12. Plaintiff relied on Defendant's
 commitment to pay half the rent.

 . . .

 14. Plaintiff relied on Defendant's
 commitment to pay half the rent.

 At trial, plaintiff stated that:

 The defendant and I signed a lease to
 establish residency together and it was a
 12-month lease. And our agreement was to
 split the rent and expenses, which we did
 for four months, until he decided to
 establish residency elsewhere.
 -5-
 Defendant later testified, when discussing how he and

plaintiff had planned to divide the rent:

 We were gonna split the rent and half the
 utilities while we were living together.

 Given that both plaintiff and defendant testified that they

agreed to divide the rent, we hold that there was evidence in

the record to support the trial court’s finding that the parties

made a verbal agreement to divide the rent.

 Plaintiff further testified that, after defendant moved

out:

 I said I wasn't going to move out because I
 was financially bankrupt at that point. I
 wasn't -- I didn't have any other option but
 to stay there. I wasn't --

 Q You thought --

 A I didn't have the money to establish a
 new residence.

 Q Did you at that point talk to the
 leasing company, the landlord about trying
 to get out of the lease?

 A No. He did mention that. I can't
 remember if he paid like three months rent
 that we could get out of it. But as I just
 stated, I did not have the cash to do that.
 And he didn't offer to do that.

 Plaintiff’s repeated statements that she lacked the funds

to move, and that she was financially bankrupt, tend to support

a finding that she lacked the funds to pay the remaining rent,
 -6-
and that she relied on defendant’s assurance that he would pay

half of the rent. We hold that the trial court’s findings were

supported by competent evidence.

 Defendant further contends that the trial court’s

conclusions of law based upon these findings were in error,

because the findings were improper. As we have held that these

findings were supported by competent evidence, we hold that the

conclusions of law based thereon were also proper.

 This argument is without merit.

 III. Failure to Mitigate Damages

 In his second argument, defendant contends that the trial

court erred in failing to make findings concerning plaintiff’s

failure to mitigate damages. Because defendant failed to raise

this affirmative defense at trial, this argument is dismissed.

 A. Standard of Review

 “[A] party’s failure to properly preserve an issue for

appellate review ordinarily justifies the appellate court’s

refusal to consider the issue on appeal.” Dogwood Dev. & Mgmt.

Co. v. White Oak Transp. Co., 362 N.C. 191, 195-96, 657 S.E.2d

361, 364 (2008); see also N.C. R. App. P. 28(b)(6).

 B. Analysis
 -7-
 Defendant contends that plaintiff should have attempted to

renegotiate her lease after defendant’s departure, that

plaintiff’s failure to do so constitutes a failure to mitigate

damages, and that the trial court erred in failing to make

findings with respect to mitigation.

 Failure to mitigate damages is an affirmative defense. See

e.g. Elm St. Gallery, Inc. v. Williams, 191 N.C. App. 760, 762,

663 S.E.2d 874, 875 (2008). “The [breaching] defendants [bear]

the burden of proof on [their] affirmative defense that [the

nonbreaching party] failed to mitigate its damages.” Kotis

Props., Inc. v. Casey's, Inc., 183 N.C. App. 617, 623, 645

S.E.2d 138, 142 (2007). In the instant case, defendant made no

argument at trial concerning plaintiff’s failure to mitigate.

“A contention not raised in the trial court may not be raised

for the first time on appeal.” Creasman v. Creasman, 152 N.C.

App. 119, 123, 566 S.E.2d 725, 728 (2002) (quoting Town of

Chapel Hill v. Burchette, 100 N.C. App. 157, 159-60, 394 S.E.2d

698, 700 (1990)); see also N.C. R. App. P. 10(a)(1).

 We hold that defendant’s failure to raise the issue of

mitigation at trial waives that issue for appellate review.

This argument is dismissed.

 IV. Money Judgment
 -8-
 In his third argument, defendant contends that the trial

court erred in ordering defendant to pay a money judgment within

60 days. We agree.

 A. Standard of Review

 “Issues of statutory construction are questions of law,

reviewed de novo on appeal.” McKoy v. McKoy, 202 N.C. App. 509,

511, 689 S.E.2d 590, 592 (2010).

 B. Analysis

 Plaintiff brought this action against defendant seeking a

money judgment. Money judgments are generally controlled by

N.C. Gen. Stat. § 1-302, which provides that:

 Where a judgment requires the payment of
 money or the delivery of real or personal
 property it may be enforced in those
 respects by execution, as provided in this
 Article. Where it requires the performance
 of any other act a certified copy of the
 judgment may be served upon the party
 against whom it is given, or upon the person
 or officer who is required thereby or by law
 to obey the same, and his obedience thereto
 enforced. If he refuses, he may be punished
 by the court as for contempt.

N.C. Gen. Stat. § 1-302 (2013). We have previously held that,

as a general rule, once a judgment fixes the amount due,

execution, not contempt, is the appropriate proceeding. Brown

v. Brown, 171 N.C. App. 358, 361, 615 S.E.2d 39, 41 (2005). In

the instant case, the trial court ordered payment within 60
 -9-
days, which was not authorized by N.C. Gen. Stat. § 1-302, and

was in error.

 We vacate the portion of the trial court’s judgment

requiring defendant to pay the judgment within 60 days. Upon

remand, plaintiff may attempt to enforce the judgment in

accordance with the provisions of Article 28 of Chapter 1 of the

General Statutes.1

 AFFIRMED IN PART, DISMISSED IN PART, VACATED IN PART.

 Judges CALABRIA and McCULLOUGH concur.

1
 We further note that pursuant to N.C. Gen. Stat. § 1-305(b),
the Clerk of Superior Court is not authorized to issue execution
until the provisions of that statute have been complied with.