**POTTS v. TUTTEROW**

[340 N.C. 97 (1995)]

KENNETH R. POTTS v. SUSAN TUTTEROW (POTTS)

No. 257A94

(Filed 7 April 1995)

**Divorce and Separation § 223 (NCI4th)— lump sum alimony— periodic payments—total not vested—termination by remarriage**

Even though the trial court delineated the total amount of alimony due to defendant wife as a "lump sum" or a "fixed amount," where the payment methodology was not in a single payment but instead was in periodic payments, the total alimony award did not vest at the time of the court's order, and the wife's remarriage terminated the monthly alimony obligations not yet due and payable. N.C.G.S. § 50-16.9(b).

**Am Jur 2d, Divorce and Separation §§ 630 et seq.**

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 114 N.C. App. 360, 442 S.E.2d 90 (1994), affirming an order entered by Johnson (Robert W.), C.J., on 13 November 1992 in District Court, Davie County. Heard in the Supreme Court 14 March 1995.

*Petree Stockton, L.L.P., by Lynn P. Burleson and Mark Conger, for plaintiff-appellee.*

*Morrow, Alexander, Tash & Long, by C. R. "Skip" Long, Jr. and Victor M. Lefkowitz, for defendant-appellant.*

PER CURIAM.

The Court agrees with the holding of the majority opinion that the "lump sum" alimony award in the present case did not vest prior to defendant's remarriage. Thus, pursuant to N.C.G.S. § 50-16.9(b) (1987), defendant's subsequent remarriage terminated plaintiff's obligation to pay defendant alimony.

Under N.C.G.S. § 50-16.9, "[i]f a dependent spouse who is *receiving* alimony under a judgment or order of a court of this State shall remarry, said alimony shall terminate." N.C.G.S. § 50-16.9(b) (emphasis added). N.C.G.S. § 50-16.7 states, "Alimony or alimony pendente lite shall be paid by lump sum *payment*, [or] periodic *payments* . . . as the court may order." N.C.G.S. § 50-16.7(a) (emphasis added).

POTTS v. TUTTEROW

[340 N.C. 97 (1995)]

"Vested" or "accrued" alimony is defined as "[a]limony which is due but not yet paid." *Black's Law Dictionary* 21 (6th ed. 1990). Thus, if under N.C.G.S. § 50-16.7(a), the court has ordered alimony in a single lump sum payment and this lump sum has not been paid, such alimony has vested or accrued. Similarly, if under N.C.G.S. § 50-16.7(a), the court has ordered alimony in periodic payments and payments have come due but have not been paid, these payments have also vested or accrued. In either case, the dependent spouse's remarriage would not terminate the ordered amounts that had vested or accrued by virtue of being "due and payable."

In the present case, however, although the trial court delineated the alimony as a "lump sum," or as a "fixed amount," the payment methodology was not in a single payment but instead was in periodic payments. Therefore, the majority correctly determined that defendant's remarriage terminated the monthly alimony obligations not yet due and payable. Accordingly, we affirm the holding of the majority.

AFFIRMED.