JULINE BROWN, Plaintiff v. MONTEZ BROWN, Defendant

No. COA04-1189

(Filed 5 July 2005)

**Child Support, Custody, and Visitation— support arrears— enforceability by civil contempt**

The trial court erred by adjudicating defendant in civil contempt of a 21 August 1986 judgment for child support arrears and the judgment of 14 July 2004 is vacated, because: (1) N.C.G.S. § 50-13.4(f)(8) and (9) when read together provide that if a child support arrearage is reduced to a money judgment and the judgment provides for periodic payments, the judgment is enforceable by contempt proceedings; and (2) the civil judgment in this case was not enforceable by contempt proceedings when neither the 1996 judgment nor any subsequent orders

of the North Carolina court required a specific unequivocal directive for defendant to pay child support on a certain schedule and/or by certain dates.

Appeal by defendant from order entered 14 July 2004 by Judge John Smith in New Hanover County District Court. Heard in the Court of Appeals 24 March 2005.

*Frank Cherry, for plaintiff appellee.*

*Montez D. Brown, pro se defendant-appellant.*

LEVINSON, Judge.

Montez Brown (defendant) appeals from the trial court's order adjudicating him in civil contempt of a 21 August 1986 judgment for child support arrears. In a 21 August 1996 judgment, a North Carolina court made the following findings of fact:

1. That the plaintiff had obtained a judgment for child support arrearages in the State of Maryland against the defendant in the Circuit Court of Prince George County in the amount of $13,178.48 as of January 26th, 1996;

2. That the aforementioned judgment is given full faith and credit of the laws of the State of North Carolina and is hereby declared legally enforceable in the State of North Carolina as a judgment lien against Montez Brown and any property owned by Montez Brown in the State of North Carolina, County of New Hanover including the one-half (1/2) undivided interest in a house and lot situated at 4005 Princess Place Drive, Wilmington, North Carolina and more fully described in a Deed recorded in [a deed book];

3. That on the 21st of November 1995, the plaintiff filed a Notice of Claim against the defendant's interest in the estate of Beatrice Brown[]; that as of November 21, 1995, the defendant had a— undivided interest in said real property under the Last Will and Testament of Beatrice Brown[;]

. . . .

7. That the plaintiff has employed the services of [an attorney, and] . . . the reasonable value of said services [is] $2,500.

Upon these findings, the trial court concluded:

1. That the plaintiff is entitled to a judgment in the amount of the Judgment rendered in the State of Maryland against . . . Montez Brown in the amount of $13,178.48;

2. That the plaintiff is entitled to enforce said judgment by execution against the interest of any property owned by the defendant in the State of North Carolina as of November 21, 1995; and the plaintiff is entitled to immediate execution on said property to satisfy this Judgment for back child support and for the . . . attorneys fees . . . .;

. . . .

4. That [the attorney] is entitled to a reasonable attorneys fee . . . in the amount of $2,500.

In the decretal portion, the trial court directed that:

[T]he judgment rendered against the Defendant . . . in the State of Maryland for back child support in the amount of $13,178.48 is hereby given the full faith and credit of the laws of the State of North Carolina and fully enforceable in this State; that the plaintiff is entitled to execute on any property which the defendant . . . had an interest [in] as of November 21st, 1995; that the plaintiff is hereby allowed the sum of $2,500 as reasonable attorneys fees . . . ; [and] that the plaintiff is entitled to recover interest on the above sums at the legal rate in the State of North Carolina plus the costs of this action from the defendant[.]

On 29 July 2004, plaintiff filed a motion for contempt. In said motion, plaintiff alleged that, since the 21 August 1996 judgment, defendant had only paid $600 in back child support; that defendant had assets and income from which to pay the judgment; that he had taken steps to "place his assets beyond the reach of the judgment"; that defendant's failure to pay had been "wilful and intentional"; and that plaintiff should be awarded attorney fees associated with her motion for contempt.

While the Maryland judgment provided for scheduled payments on the arrearages, neither the 21 August 1996 judgment, nor any subsequent order of the North Carolina trial court, did so. The record reveals that, between the entry of the 1996 North Carolina judgment and plaintiff's 29 July 2004 motion for contempt, there was no North Carolina court activity in this matter. Defendant contends that, during this period, he made some payments directly to the State of Maryland pursuant to that state's ongoing arrearages requirements.

In its 14 July 2004 order on contempt which is the subject of this appeal, the trial court found that, since the August 1996 judgment, defendant had paid $810.00 in child support arrearages; was gainfully employed and had the financial capacity to satisfy the judgment; that he had previously conveyed an interest in property to another individual without consideration; that defendant had willfully failed to pay the judgment; and that plaintiff was entitled to an award of attorney fees. The trial court concluded that defendant was in civil contempt of court and that plaintiff was entitled an award of attorney fees, and decreed that defendant be incarcerated until he purged himself of contempt by paying the remaining balances due for child support arrearages, interest and attorney fees.

---

On appeal, defendant contends the trial court was without authority to hold him in contempt because neither the 1996 judgment nor any subsequent orders of the North Carolina court required a specific, unequivocal directive for him to pay child support on a certain schedule and/or by certain dates. We agree.

Under N.C.G.S. § 1-302 (2003), if "a judgment requires the payment of money or the delivery of real or personal property it may be enforced in those respects by execution[.]" Thus, it has long been the general rule that "judgment fixes the amount due, and execution—not contempt proceedings—issues if not paid." *Hildebrand v. Vanderbilt*, 147 N.C. 640, 642, 61 S.E. 620, 629 (1908). However, N.C.G.S. § 50-13.4(f) (2003) provides the additional option of enforcing judgments for child support arrearage by contempt proceedings, under specified conditions:

> (8) . . . [P]ast due periodic payments may by motion in the cause or by a separate action be reduced to judgment which shall be a lien as other judgments and may include provisions for periodic payments.

> (9) An order for the periodic payments of child support or a child support judgment that provides for periodic payments is enforceable by proceedings for civil contempt, and disobedience may be punished by proceedings for criminal contempt, as provided in [N.C.G.S. §] Chapter 5A[.]

N.C.G.S. § 50-13.4(f)(8) and (9). Read together, these subsections provide that, **if** child support arrearages are reduced to a money judgment, **and** the judgment "provides for periodic payments," the judgment is enforceable by contempt proceedings.

BROWN v. BROWN

[171 N.C. App. 358 (2005)]

The judgment entered in the instant case neither requires defendant to make periodic payments in a specific amount, nor sets any deadlines or ongoing monthly dates for certain payments on the arrearages. Under the plain language of G.S. § 50-13.4(f)(8), the order was, therefore, a "judgment which shall be a lien as other judgments," and not a judgment enforceable by contempt under G.S. § 50-13.4(f)(9). Because subsections (f)(8) and (f)(9) of this statute are more specific than the generalized contempt allowances set forth in Chapter 5A of the North Carolina General Statutes, the former must control.

Where an order reducing child support arrears to a money judgment does not include a provision for periodic payments or other deadline for payment, it is not enforceable by contempt. Thus, in the instant case, the trial court did not have jurisdiction to enter an order finding defendant in contempt:

> Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner . . . an act of the Court beyond these limits is in excess of its jurisdiction. . . . Where the court acts in excess of its authority, [its judgment] . . . is void . . . [and] may be attacked whenever and wherever it is asserted[.]

*Allred v. Tucci*, 85 N.C. App. 138, 143, 354 S.E.2d 291, 294-95 (1987) (internal quotation marks and citations omitted).

Because the civil judgment was not enforceable by contempt proceedings, the 14 July 2004 contempt order on appeal must be vacated.

Vacated.

Judges HUNTER and McCULLOUGH concur.