JULINE BROWN, PLAINTIFF v. MONTEZ BROWN, DEFENDANT

No. COA06-491

(Filed 2 January 2007)

**1. Contempt— civil—motion for reimbursement**

The trial court erred in part in a civil contempt case based on child support arrearages by denying defendant's motion for reimbursement of sums paid to purge himself of contempt of court, and on remand the trial court may in its discretion receive additional evidence from the parties prior to entering an order in this matter, because: (1) with respect to the portion of the trial court's order dismissing defendant's claim for reimbursement of lost wages and other costs, dismissal was warranted since defendant did not present evidence at the hearing involving his lost wages or other costs, and defendant did not assign error or present any argument concerning this finding; (2) the prior orders of contempt were vacated, a vacated order is null and void with no legal force or effect on the parties or the matter in question, and thus, the orders setting forth the sums of money due to plaintiff under the 1996 judgment are void and of no legal effect; and (3) the order setting off the sums owed by defendant to plaintiff under the 1996 judgment with the sums paid by plaintiff to defendant by virtue of the vacated contempt orders was devoid of any findings of fact or conclusions of law pertaining to how these sums were offset, and the mere fact that mutual judgments exist generally does not entitle a party to have one set off against the other as a matter of right. Upon remand the trial court shall apply the proper test and consider the pertinent equitable factors regarding whether a set off is appropriate in light of plaintiff's misuse of

the court's contempt power to coerce payment of monies from defendant and any deceptive or fraudulent conduct of defendant in attempting to avoid paying child support.

## 2. Costs— attorney fees—improperly granted

The trial court erred in a civil contempt case based on child support arrearages by concluding that defendant was not entitled to recover attorney fees paid to purge himself of contempt, and this portion of the order is reversed and remanded for entry of an order directing the $1,200 attorney fees to be paid into the office of the Clerk of Superior Court by the person or party who received it for disbursement to defendant, because it would be unconscionable to require defendant to pay for the services of plaintiff's attorney who improperly instituted contempt proceedings resulting in defendant's incarceration.

## 3. Appeal and Error— appealability—mootness

Although defendant contends the trial court erred by hearing this civil contempt case based on child support arrearages while a federal bankruptcy stay was in effect, this issue is moot and need not be addressed because defendant was discharged from bankruptcy on 28 December 2005 which was twenty days prior to the entry of the pertinent order.

Appeal by defendant from order entered 20 January 2006 by Judge J. H. Corpening, II, in New Hanover County District Court. Heard in the Court of Appeals 19 October 2006.

*Frank Cherry, for plaintiff-appellee.*

*Montez D. Brown, pro se defendant-appellant.*

STEELMAN, Judge.

Defendant appeals from an order denying his motion seeking repayment of sums paid to plaintiff pursuant to previous contempt orders, which were improperly entered. For the reasons set forth herein, we affirm in part and reverse in part the order of the trial court and remand for further proceedings.

This is the second time this matter has come before this Court. *See Brown v. Brown,* 171 N.C. App. 358, 615 S.E.2d 39 (2005); *Brown v. Brown,* 171 N.C. App. 365, 615 S.E.2d 435 (2005) (decision without published opinion).

BROWN v. BROWN

[181 N.C. App. 333 (2007)]

On 26 January 1996, the Circuit Court of Prince George's County, Maryland, entered a judgment against defendant in favor of plaintiff in the sum of $13,178.48 for child support arrearages. On 21 August 1996, the District Court of New Hanover County, North Carolina, entered a judgment against defendant in the amount of $13,178.48, together with $2,500 attorney's fees, interest, and court costs based on the Maryland judgment. On 21 June 2004, plaintiff filed a motion seeking to have defendant held in contempt for failing to pay the 21 August 1996 judgment. On 14 July 2004, Judge Smith found defendant to be in contempt of court and ordered him to be arrested and held in the New Hanover County jail until he purged himself of contempt by paying the sum of $12,388.48, together with $1,200 attorney's fees, which were incurred by plaintiff from 3 November 2003 through 14 July 2004.

Defendant paid the sum of $12,388.48 and was released from custody. On 8 September 2004, a second Order for Arrest was entered against the defendant. This order found that defendant had been erroneously released from custody because he failed to pay the $1,200 attorney's fees. Defendant was ordered re-incarcerated until the attorney's fees were paid, and he was further ordered to pay $7,900 in interest on the judgment within thirty days. Defendant paid the $1,200 attorney's fees and was released from custody.

In *Brown v. Brown*, 171 N.C. App. 358, 615 S.E.2d 39 (2005), this Court held that defendant was improperly held in contempt and incarcerated because the 1996 judgment was for a liquidated sum of child support arrearages and did not order periodic child support payments. The orders of 14 July 2004 and 8 September 2004 were vacated.

On 21 July 2005, defendant filed a motion seeking repayment of the sums paid to purge himself of contempt, as well as reimbursement for wages lost as a result of his incarceration. This motion was heard by Judge Corpening on 28 November 2005, and an order was entered on 18 January 2006. The order found that defendant presented no evidence to support his claim for lost wages, and the claim was denied. As to the claim for reimbursement of monies paid pursuant to the two prior contempt orders, the trial court denied defendant's motion, finding that these "were sums lawfully owing to the Plaintiff" pursuant to the judgment entered in August 1996. From this order, defendant appeals.

## I: Set Off in Equity

[1] In his first argument, defendant contends that the trial court erred in denying his motion for reimbursement of sums paid to purge himself of contempt of court. We disagree in part, agree in part and remand for further findings of fact.

With respect to the portion of the trial court's order dismissing defendant's claim for reimbursement of lost wages and other costs, the trial court found: "[d]efendant did not present evidence at the hearing involving his lost wages or other costs." On appeal, defendant does not assign as error or present any argument concerning this finding of fact. As such, the trial court's finding is binding upon this court. *See, e.g., Koufman v. Koufman,* 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). This finding supports the dismissal of defendant's claim for lost wages or other costs, which must be affirmed.

This court, in *Brown v. Brown,* 171 N.C. App. 358, 615 S.E.2d 39 (2005), stated that the prior orders of contempt were vacated. A vacated order is null and void, and has no legal force or effect on the parties or the matter in question. *Friend-Novorska v. Novorska,* 143 N.C. App. 387, 393, 545 S.E.2d 788, 793, *aff'd by* 354 N.C. 564, 556 S.E.2d 294 (2001). The prior decisions of this Court are the law of this case and are binding upon this panel. *See In the Matter of Appeal from Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

Thus, Judge Smith's orders setting forth the sums of money due to the plaintiff under the 1996 judgment are void and of no legal effect. Judge Corpening's order found that: "All sums paid by the Defendant as part of the two orders considered by the Court of Appeals were sums lawfully owed by the Defendant to the Plaintiff pursuant to the judgment entered in 1996." Judge Corpening's order set off the sums owed by defendant to plaintiff under the 1996 judgment with the sums paid by plaintiff to defendant by virtue of the vacated contempt orders. However, this order is devoid of any findings of fact or conclusions of law pertaining to how Judge Corpening arrived at his decision that these sums offset. "[T]he mere fact that mutual judgments exist generally does not entitle a party to have one set off against the other as a matter of right." *Lake Mary Ltd. Part. v. Johnston,* 145 N.C. App. 525, 540, 551 S.E.2d 546, 557 (2001) (citing 47 Am. Jur. 2nd *Judgments* § 1031 (1995)). The *Lake Mary* decision then elaborates as to set offs, quoting a South Carolina opinion, *Welch v. Epstein,* 342 S.C. 279, 313, 536 S.E.2d 408, 425-26 (2000):

BROWN v. BROWN

[181 N.C. App. 333 (2007)]

> The trial court's jurisdiction to set off one judgment against another is equitable in nature and should be exercised when necessary to provide justice between the parties. A set-off is not necessarily founded upon any statute or fixed rule of court, but grows out of the inherent equitable jurisdiction of the court. Therefore, such motions are addressed to the discretion of the court—a discretion which should not be arbitrarily or capriciously exercised.

*Id.* (citations omitted).

After reviewing Judge Corpening's order, it appears that the set off was granted as a matter of right, not as a matter of the equitable discretion of the court. Upon remand, the trial court shall apply the proper test enunciated above, and shall consider the following equitable factors in determining whether a set off is appropriate:

(1) The amount owed by defendant to plaintiff pursuant to the provisions of the 1996 judgments.

(2) The amount owed by plaintiff to defendant by virtue of the void contempt orders.

(3) The equitable principles of set off contained in the decision of *Stelling v. Trust Co.*, 213 N.C. 324, 327, 197 S.E. 754, 756 (1938).

In *Stelling*, the Court stated:

> When, however, a party seeks to invoke an equitable remedy or to assert an equitable right, or to rely upon an equitable defense, his conduct must have been equitable, fair and aboveboard. It is a familiar and oft-quoted maxim of equity that "he who comes into equity must come with clean hand," or, as it is frequently expressed, "he who has not done equity, cannot have equity." A right cannot arise to anyone out of his own wrong and the misconduct need not necessarily be fraudulent.

*Id.*

In this regard, the trial court shall consider the fact that the plaintiff caused the contempt power of the court to be misused to coerce the payment of monies from the defendant. It shall also consider any deceptive or fraudulent conduct of the defendant in attempting to avoid paying child support.

The trial court may, in its discretion, receive additional evidence from the parties, prior to entering an order in this matter. We remand this portion of the matter for entry of an order containing appropriate findings of fact and conclusions of law.

## II: Attorney's Fees

[2] In his second argument, defendant contends that the trial court erred in concluding that he was not entitled to recover the attorney's fees paid to purge himself of contempt. We agree.

Under the terms of Judge Smith's order of 14 July 2004, defendant was ordered to pay $1,200 attorney's fees. This sum was separate and apart from the attorney's fees allowed in the 1996 judgment. The effect of Judge Corpening's order of 18 January 2006 was to make defendant pay $1,200 attorney's fees incurred in the contempt proceeding that resulted in defendant's being improperly arrested and incarcerated. Regardless of the ultimate resolution of the defendant's first argument, this portion of the order cannot stand. The order under which defendant paid this sum was entered without jurisdiction, was void, and has been vacated by this court. *See Brown*, 171 N.C. App. 358, 615 S.E.2d 39; *Brown*, 171 N.C. App. 365, 615 S.E.2d 435 (decision without published opinion). It would be unconscionable to require defendant to pay for the services of plaintiff's attorney who improperly instituted contempt proceedings resulting in defendant's incarceration.

This portion of Judge Corpening's order is reversed and remanded for entry of an order directing that the $1,200 attorney's fees be paid into the office of the Clerk of Superior Court of New Hanover County by the person or party who received it, for disbursement to the defendant.

## III: Bankruptcy Stay

[3] In his third argument, defendant contends that the trial court erred in hearing this matter while a federal bankruptcy stay was in effect. We disagree.

Because it appears to this Court that defendant was discharged from bankruptcy on 28 December 2005, twenty days prior to the entry of Judge Corpening's order, this issue is moot and need not be addressed by this Court.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

Judge GEER concurs.

Judge STEPHENS concurs prior to 31 December 2006.