GEER, Judge.
*167 This is the second appeal before this Court arising out of the parties' claims for equitable distribution, child custody, and child support. In the first action, both parties appealed the permanent child custody and support order and the equitable distribution order. In the instant case, plaintiff Craig Steven Smith appeals (1) the order denying his motion to stay the execution and enforcement of the permanent child support order and (2) the order holding him in contempt for failing to pay his children's private school tuition pursuant to the permanent child support order. He primarily argues that statutory law requires the automatic stay of the permanent child support order upon the parties' appeals of that order and that, as a result, the trial court did not have jurisdiction to hold him in contempt for violating the order. He also asserts that defendant Vera *168 Cranford Smith is precluded from enforcing the child support order from which she had also appealed. We hold that N.C. Gen.Stat. § 50-13.4(f)(9) (2015) allowed the trial court to enforce the child support order that was pending appeal.
Plaintiff also contends that because his income has declined since the entry of the permanent child support order, he did not willfully violate the permanent child support order and should not be held in contempt. We hold that the trial court's conclusion that plaintiff was willfully in contempt of the child support order was supported by factual findings, which in turn were supported by competent evidence. Accordingly, we affirm the orders of the trial court below.
Facts
In the first appeal before this Court, plaintiff challenged the rulings in the 9 July 2014 permanent child support and custody order that required him to pay his children's private school tuition at Providence Day School ("PDS"). Defendant cross-appealed from the same child support order because it required her to reimburse plaintiff for 25% of the tuition payments. On 19 August 2014, a few days after defendant filed her notice of cross-appeal, she also filed and served on plaintiff a motion for emergency relief and motion for contempt in the trial court below. The basis for those post-appeal motions was plaintiff's refusal to pay the required tuition with the result that their children were in danger of forfeiting their enrollment at PDS as a result of the outstanding amount due to the school.
As allowed under the child support order, plaintiff chose to pay for the 2014-2015 PDS tuition on a 10-month installment plan, which required payment of $6,141.00 on the 20th day of each month beginning 20 July 2014. On 8 August 2014, plaintiff's counsel informed defendant's counsel that he was unable to make the July and August 2014 payments as a result of his increasing debt and decreased income. On 11 August 2014, defendant's counsel responded by requesting certain documentation concerning plaintiff's financial circumstances. The deadline for securing continued enrollment of the minor children at PDS was, however, 18 August 2014, forcing defendant to file a motion seeking emergency relief.
On the same day that defendant filed her motions for emergency relief and contempt, Judge Donnie Hoover entered an Order to Appear and Show Cause and Notice of Hearing, requiring plaintiff to appear at a contempt hearing two days later on 21 August 2014. On 20 August 2014, plaintiff filed and served a Motion to Stay Execution and Enforcement *169 of Judgment During Appeal to stay enforcement of the PDS tuition payment directive while the first appeal before this Court was pending. At the hearing on 21 August 2014, plaintiff introduced an updated financial affidavit showing his average net monthly income had reduced to $16,533.01, *437 and that he was now running a monthly deficit of $1,266.72.
After hearing all motions on 21 August 2014, Judge Hoover first denied plaintiff's motion to stay and found that the trial court "has the authority to enforce the Child Support Order ... notwithstanding the appeal[.]" Judge Hoover also found plaintiff in civil contempt, ordering him imprisoned in the Mecklenburg County jail for 30 days or until he pays the tuition owed according to the support order. The trial court subsequently issued a written order on 15 October 2014, specifically requiring plaintiff to pay "the entire balance currently owed to PDS for the 2014-2015 school year." Plaintiff timely appealed to this Court.
I
In challenging the trial court's denial of his motion to stay, plaintiff makes several different arguments. First, he argues that his original appeal from the 9 July 2014 child support order automatically stayed enforcement of the directive to pay his children's private school tuition at PDS pursuant to N.C. Gen.Stat. § 1-294 (2015), effectively taking defendant's motion for contempt out of the jurisdiction of the trial court. Second, relying solely on federal precedent, he attempts to persuade this Court that defendant's cross-appeal of the child support order also requires an automatic stay of the tuition payment directive. Finally, plaintiff argues that the trial court erred by failing to set a bond under N.C. Gen.Stat. § 1-289 (2015) to stay enforcement of the PDS tuition directive.
Normally, we review the denial of a motion to stay under an abuse of discretion standard. Park E. Sales, LLC v. Clark-Langley, Inc., 186 N.C.App. 198, 202, 651 S.E.2d 235, 238 (2007). Here, however, our standard of review is de novo because where a party "presents a question of 'statutory interpretation, full review is appropriate, and the conclusions of law are reviewable de novo.' " Romulus v. Romulus, 216 N.C.App. 28, 32, 715 S.E.2d 889, 892 (2011) (quoting Mark IV Beverage, Inc. v. Molson Breweries USA, Inc., 129 N.C.App. 476, 480, 500 S.E.2d 439, 442 (1998) ). Also, where the trial court's subject matter jurisdiction to hear an issue is questioned, " '[t]he standard of review ... is de novo. ' " Id. (quoting Keith v. Wallerich, 201 N.C.App. 550, 554, 687 S.E.2d 299, 302 (2009) ).
We first address plaintiff's argument that the trial court was without jurisdiction to hold him in contempt for violating the permanent support order because it was automatically stayed pending appeal. As a general *170 rule, under N.C. Gen.Stat. § 1-294, "[w]hen an appeal is perfected ... it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein...." However, N.C. Gen.Stat. § 50-13.4(f) (9) establishes an express exception to that rule when the trial court has ordered child support payments. N.C. Gen.Stat. § 50-13.4(f)(9) provides in pertinent part: "Notwithstanding the provisions of G.S. 1-294, an order for the payment of child support which has been appealed to the appellate division is enforceable in the trial court by proceedings for civil contempt during the pendency of the appeal." (Emphasis added.) This exception was applied in Guerrier v. Guerrier, 155 N.C.App. 154, 159, 574 S.E.2d 69, 72 (2002), which held that "orders for the payment of child support are enforceable pending appeal...."
Plaintiff attempts to deflect this exception by arguing that it is only applicable to child support orders requiring "periodic payments" equating to "a specific, unequivocal directive ... to pay child support on a certain schedule and/or by certain dates." Brown v. Brown, 171 N.C.App. 358, 361, 362, 615 S.E.2d 39, 40-41 (2005). Plaintiff claims that because the trial court's order that he pay tuition allowed him "to choose between the options available" at PDS, this is not a "specific, unequivocal directive," id., contemplated by the exception in N.C. Gen.Stat. § 50-13.4(f)(9) and Brown. However, Brown does not control here because it only applies in cases "[w]here an order reducing child support arrears to a money judgment does not include a provision for periodic payments or other deadline for payment[.]" 171 N.C.App. at 362, 615 S.E.2d at 41 (emphasis added). Because neither party has moved to *438 reduce the tuition payment directive to a money judgment, plaintiff's reliance on Brown is misplaced. Furthermore, because we agree with the trial court that the PDS tuition payment directive "is still a periodic payment, whether [plaintiff] chooses to pay it once a year, once a semester or over ten months[,]" we find N.C. Gen.Stat. § 50-13.4(f)(9) controlling in this matter. Accordingly, the child support order was not automatically stayed and the trial court had proper jurisdiction to enforce it.
Plaintiff next argues that defendant's cross-appeal of the child support order should necessarily preclude her from enforcing the very rulings that she is challenging. In support of this proposition, plaintiff cites a number of federal cases. See generally Bronson v. La Crosse & Milwaukee R.R. Co., 68 U.S. 405, 410, 1 Wall. 405, 17 L.Ed. 616 (1863) ; Trustmark Ins. Co. v. Gallucci, 193 F.3d 558, 559 (1st Cir.1999) ; Enserch Corp. v. Shand Morahan & Co., 918 F.2d 462, 464 (5th Cir.1990) ; TN Valley Auth. v. Atlas Mach. & Iron Works, Inc., 803 F.2d 794, 797 (4th Cir.1986). We are, of course, not bound by these decisions, but we also do not *171 find them persuasive authority since the cases do not address appeals from child support orders. Moreover, defendant cross-appealed the final child support order only with respect to the requirement that she reimburse plaintiff for 25% of the tuition after he paid it in full and on time to PDS. We can conceive of no justification for precluding defendant from enforcing plaintiff's court-ordered obligation to pay the PDS tuition in full upon becoming due.
Plaintiff also argues that the trial court erred in failing to set a bond to stay enforcement of the private school tuition directive pursuant to Rule 62(d) of the Rules of Civil Procedure and N.C. Gen.Stat. § 1-289. Because N.C. Gen.Stat. § 1-289(a1) states that "the court shall specify the amount of the undertaking required to stay execution of the judgment pending appeal [,]" we review the trial court's decision to deny the setting of a bond for an abuse of discretion. See Markham v. Nationwide Mut. Fire Ins. Co., 125 N.C.App. 443, 456, 481 S.E.2d 349, 358 (1997) (holding decision to set surety amount " 'adjudged by the court ' " reviewed for abuse of discretion) (quoting N.C. Gen.Stat. § 1-285(a) (1995) ). Here, we find that the trial court, by acknowledging that "child support is excepted from this process" because the children affected "have nothing to do with the disputes that have gone on between these two parties[,]" appropriately exercised its discretion in refusing to set a bond pending appeal of the order requiring plaintiff to pay child support. We, therefore, affirm the trial court's order denying plaintiff's motion to stay execution and enforcement of the child support order.
The dissent holds that the trial court erred in failing to set a bond pursuant to N.C. Gen.Stat. § 1-289. The dissent and plaintiff misread N.C. Gen.Stat. § 1-289 and Rule 62(d). Plaintiff filed a motion under the statute and rule "to stay enforcement of the PDS tuition payment directive...." Both the statute and rule, however, address obtaining a stay of "execution" on a judgment and do not specifically address the ability to hold a party in contempt during an appeal. That issue is specifically addressed by N.C. Gen.Stat. § 50-13.4(f)(9).
While the dissent cites Quick v. Quick, 305 N.C. 446, 462, 290 S.E.2d 653, 663 (1982), as holding that a child support order can be a money judgment for purposes of N.C. Gen.Stat. § 1-289, both the dissent and plaintiff have overlooked the fact that our courts have restricted execution and, therefore, the applicability of N.C. Gen.Stat. § 1-289 to past due installments. See Clark v. Bichsel, --- N.C.App. ----, ----, 767 S.E.2d 145, 148 (2015) ("We have previously held that, as a general rule, once a *172 judgment fixes the amount due, execution, not contempt, is the appropriate proceeding."); Potts v. Tutterow, 114 N.C.App. 360, 364, 442 S.E.2d 90, 92 (1994), (emphasizing that "this Court [has] held that execution is only available for past due installments of alimony"), aff'd per curiam, 340 N.C. 97, 455 S.E.2d 156 (1995).
Moreover, Quick predates the 1983 amendment that enacted the provision in N.C. Gen.Stat. § 50-13.4(f)(9) that allows a court to hold a party in contempt for failure to pay child support pending appeal. See 3 Suzanne Reynolds, Lee's North Carolina Family Law *439 § 13.127[a] (5th ed.2002). The proper remedy for plaintiff was to seek a stay from this Court. See N.C. Gen.Stat. § 50-13.4(f)(9) ("Upon motion of an aggrieved party, the court of the appellate division in which the appeal is pending may stay any order for civil contempt entered for child support until the appeal is decided, if justice requires.").
II
Plaintiff also argues that the order holding him in civil contempt should be reversed because (1) he did not have adequate notice of the contempt hearing, (2) the trial court did not make adequate findings of a willful violation of the directive to pay PDS tuition, and (3) the purge condition in the contempt order erroneously modified the underlying tuition payment directive. " 'When reviewing a trial court's contempt order, the appellate court is limited to determining whether there is competent evidence to support the trial court's findings and whether the findings support the conclusions [of law].' " Wellons v. White, 229 N.C.App. 164, 173, 748 S.E.2d 709, 716 (2013) (quoting Shumaker v. Shumaker, 137 N.C.App. 72, 77, 527 S.E.2d 55, 58 (2000) ). " 'The trial court's conclusions of law drawn from the findings of fact [in civil contempt proceedings] are reviewable de novo. ' " Id., 748 S.E.2d at 716-17 (quoting Tucker v. Tucker, 197 N.C.App. 592, 594, 679 S.E.2d 141, 143 (2009) ).
As an initial matter, plaintiff argues that the trial court committed reversible error by failing to provide him with the full five-day notice period required for a show cause order entered pursuant to N.C. Gen.Stat. § 5A-23(a) (2015). The Order to Appear and Show Cause and Notice of Hearing required plaintiff to appear before the trial court only two days after its issuance on 19 August 2014. Upon objection, Judge Hoover noted that he had issued the child support order the previous month, and that because plaintiff had ample time to construct a defense to the enforcement of that order, there was sufficient notice to plaintiff and good cause to hear the contempt proceedings on short notice. Because "the purpose of notice is to enable the one charged to prepare *173 his defense," M.G. Newell Co. v. Wyrick, 91 N.C.App. 98, 101, 370 S.E.2d 431, 434 (1988), we agree with the trial court, and find that it had good cause to shorten the notice period.
With regard to the substance of the civil contempt order, the trial court ultimately concluded that (1) plaintiff "has failed to comply with the [permanent support order]" by refusing to pay his children's private school tuition, (2) that plaintiff "has the present ability to comply with the [permanent support order,]" and (3) that his "noncompliance ... was willful." These conclusions are supported by several findings of fact setting out plaintiff's testimony at the contempt hearing regarding his income and expenses. Preceding these findings is Finding of Fact No. 17, which reads: "The court finds that despite the Father's contentions, ample evidence was presented that Father is well able and capable of paying the permanent child support obligations set forth in the July 9, 2014 Order...." A sampling of this "ample evidence" is as follows: plaintiff indicated a monthly income of $47,000.00 on a July 2013 loan application for his purchase of a residence worth approximately $840,000.00; he owns over $140,000.00 worth of stocks, bonds, and securities; he owns five rental properties separately or jointly with his present wife and realizes uncharacteristically low profits from them; his retirement accounts are worth in excess of $900,000.00; the court found his monthly expenses as represented on his financial affidavit were unreasonable; and plaintiff failed to account for the fact that his stepchildren's father covers some of their expenses. In conclusion, the trial court found that as a result of plaintiff's willful violation of the permanent support order, he would be imprisoned for 30 days or until he "pay[ed] the remaining balance of any tuition owed to Providence Day School on behalf of the Minor Children for the entire 2014-2015 school year[.]"
The relevant contempt statute holds in pertinent part that "[f]ailure to comply with an order of a court is a continuing civil contempt as long as ... [t]he noncompliance by the person ... is willful; and ... [t]he person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the *440 person to comply with the order." N.C. Gen.Stat. § 5A-21(a) (2015). As with all proceedings in which the court sits without a jury, the trial court's ultimate findings "are conclusive on appeal if supported by competent evidence, even though there may be evidence to support contrary findings." Bridges v. Bridges, 85 N.C.App. 524, 526, 355 S.E.2d 230, 231 (1987). However, "findings are inadequate [if] they are 'mere recitations of the evidence and do not reflect the processes of logical reasoning.' " Long v. Long, 160 N.C.App. 664, 668, 588 S.E.2d 1, 3 (2003) (quoting Williamson v. Williamson, 140 N.C.App. 362, 364, 536 S.E.2d 337, 339 (2000) ). *174 Plaintiff first challenges the findings that utilize his testimony by categorically dismissing them as insufficient recitations of evidentiary fact. He argues that because they "merely recapitulate [his] testimony," they "do not meet the standard set by [ Rule 52(a)(1) of the Rules of Civil Procedure ]." Id . We disagree. The detailed findings and the corresponding conclusions noted above do more than merely recite plaintiff's testimony. They also " 'reflect the processes of logical reasoning.' " Id. (quoting Williamson, 140 N.C.App. at 364, 536 S.E.2d at 339 ). This is most evident in the preamble to Finding of Fact No. 17, which asserts that plaintiff's contentions that he is unable to pay his children's private school tuition are sufficiently refuted by the "ample evidence" to the contrary. We, therefore, hold that the trial court's findings of fact describing plaintiff's own testimony were not in error.
Plaintiff also claims that these enumerated findings do not support a conclusion that he is presently able to pay his children's tuition and that his refusal to do so is willful. In his appellate brief, plaintiff attempts to refute each finding with contrary evidence or a different interpretation of each finding. Despite this effort, we determine that the findings of fact, drawn in part from plaintiff's own testimony or admissions, are supported by evidence and sufficiently establish plaintiff's substantial monthly income, his accumulated wealth in the form of real property, retirement, and stocks and bonds, and the unreasonable aspects of his most recent affidavit in which he claims he is unable to afford the PDS tuition. These findings support the conclusion that plaintiff has sufficient income and assets to comply with the permanent child support order by paying the PDS tuition in monthly installments as he elected to do or by "tak[ing] reasonable measures that would enable [him] to comply with the order" as provided in N.C. Gen.Stat. § 5A-21(a)(3). Accordingly, we affirm the trial court's ruling that plaintiff was in willful violation of the permanent support order.
Plaintiff's final argument is that the purge condition requiring him to pay the remaining balance of the PDS tuition owed for the 2014-2015 school year erroneously modified the permanent support order in place, which allowed plaintiff to "choose between the [payment] options available" at PDS. Plaintiff cites to Bogan v. Bogan, 134 N.C.App. 176, 179, 516 S.E.2d 641, 643 (1999), in support of this argument, which holds that "a trial court is without authority to sua sponte modify an existing support order." However, we find that a simple reading of the contempt order shows that "Plaintiff/Father must pay the remaining balance of any tuition owed to Providence Day School...." (Emphasis added.)
*175 Thus, as plaintiff "elected to pay PDS tuition by monthly installments," the trial court did not sua sponte modify the permanent child support order because the contempt order did not require plaintiff to pay the tuition for the school year in its entirety, but only the remaining balance for the entire 2014-2015 school year given his monthly installment plan. Accordingly, because we find the purge condition was not erroneous, and because the trial court's conclusions of law were adequately supported by competent findings of fact, which were in turn supported by competent evidence, we affirm the trial court's contempt order.
AFFIRMED.
Judge BRYANT concurs.
Judge TYSON dissents in a separate opinion.