IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-495

Filed 21 February 2023

Wake County, No. 16 CVS 1526

FIRST RECOVERY, LLC, and DYLAN BROOKS, Plaintiffs,

v.

UNLIMITED REC-REP, LLC, f/k/a UNLIMITED RECOVERY REPOSSESSION DIVISION, LLC, KEITH SANDERS, individually, and RITCHIE, INC. d/b/a SUNBELT OF RALEIGH, Defendants.

Appeal by Plaintiffs from Order entered 1 February 2022 by Judge A. Graham Shirley, II in Wake County Superior Court. Heard in the Court of Appeals 24 January 2023.

*Austin Law Firm, PLLC, by John S. Austin, for Plaintiff-Appellants.*

*Cozen O'Connor, by Alycen Moss and Travis Ray Joyce, for Defendant-Appellee Richie Inc. d/b/a Sunbelt of Raleigh.*[1]

HAMPSON, Judge.

First Recovery, LLC and Dylan Brooks (Plaintiffs) appeal from an Order granting Summary Judgment to Richie, Inc. d/b/a Sunbelt of Raleigh[2] (Richie) on the

---

[1] Denise L. Besselieu appeared on briefs for Defendant-Appellee. By Order entered 21 November 2022, this Court permitted Denise L. Besselieu to withdraw and Alycen Moss to be substituted as counsel. Travis Ray Joyce subsequently entered a Notice of Appearance in this Court indicating that appearance was in substitution of Alycen Moss. However, this Court was not asked to allow Alycen Moss to withdraw as counsel.

[2] It appears the case caption in the case as filed below misspelled Richie as Ritchie. While we keep the caption as-is to maintain consistency, we will endeavor to use the correct spelling utilized by the parties in their briefing to this Court in the body of our opinion.

basis Plaintiffs are collaterally estopped from pursuing their claims against Richie following a decision by a bankruptcy court dismissing Plaintiffs' Adversary Proceeding against co-Defendant Keith Sanders (Sanders).  However, during the pendency of this appeal, the bankruptcy court's decision was vacated by a United States District Court and the Adversary Proceeding remanded for a new trial.  As such, for the following reasons, we vacate the trial court's Order granting Summary Judgment in favor of Richie in this case and remand this matter to the trial court to conduct further proceedings.  Relevant to this appeal, the Record before us tends to reflect the following:

### Factual and Procedural Background

Plaintiffs commenced this action on 2 February 2016 by filing a Complaint against Unlimited Rec-Rep, LLC, f/k/a Unlimited Recovery Repossession Division, LLC (URR) and Sanders alleging claims of breach of contract, breach of warranty, fraud, and unfair and/or deceptive trade practices arising from the sale of URR to Plaintiffs from Sanders.  On 8 August 2016, Plaintiffs filed an Amended Complaint adding Richie, the broker in the sale of the business, as a defendant.  In the Amended Complaint, in addition to the claims against URR and Sanders, Plaintiffs alleged claims of fraud, negligent misrepresentation, and unfair and/or deceptive trade practices against Richie.

On 21 September 2017, URR filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of North Carolina.  The case

was subsequently placed on inactive status. On 27 March 2019, URR's bankruptcy case was resolved. On 9 August 2019, Sanders filed his own Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of North Carolina. On 13 January 2020, Plaintiffs filed an Adversary Proceeding against Sanders in the United States Bankruptcy Court for the Eastern District of North Carolina seeking to have the alleged debt owed to Plaintiffs arising from the sale of URR deemed non-dischargeable on the basis of fraud and/or misrepresentation under 11 U.S.C. § 523(a)(2).

On 19 March 2020, Plaintiffs and Richie entered into a Consent Order removing the matter from inactive status to allow the litigation as between them to proceed, while the matter remained inactive as to Sanders. On 16 December 2020, Richie filed a Motion for Summary Judgment. This Motion was heard on 17 February 2021 before the Honorable G. Bryan Collins in Wake County Superior Court. On 9 April 2021, Judge Collins rendered his decision denying Richie's Motion for Summary Judgment via email to the parties. Plaintiffs did not submit a proposed Order to Judge Collins until 25 January 2022.

On 17 December 2021, following evidentiary hearings, the Bankruptcy Court issued an Order concluding Plaintiffs in that action had failed to present sufficient evidence of either justifiable or reasonable reliance to establish a prima facie case of fraud or misrepresentation under 11 U.S.C. § 523(a)(2) for non-dischargeability. The

Bankruptcy Court, thus, entered judgment for Sanders and dismissed the Adversary Proceeding.

On 29 December 2021, Richie filed a second Motion for Summary Judgment, this time contending the Bankruptcy Court's ruling collaterally estopped Plaintiffs from asserting claims of fraud and misrepresentation against Richie. On 27 January 2022, Richie's second Motion for Summary Judgment was heard before the Honorable A. Graham Shirley, II in Wake County Superior Court. On 1 February 2022, Judge Shirley entered his Order granting Richie's Motion for Summary Judgment and dismissing Plaintiffs' claims against Richie. Later that day, Judge Collins entered his Order denying Richie's first Motion for Summary Judgment. Plaintiffs filed Notice of Appeal to this Court from Judge Shirley's Order on 9 February 2022.

During the pendency of this appeal, Plaintiffs appealed the Bankruptcy Court's Order in the Adversary Proceeding to the United States District Court for the Eastern District of North Carolina. On 9 January 2023, the District Court vacated the Bankruptcy Court's Order and remanded the case for a new trial.[3] *See First Recovery, LLC v. Sanders*, No. 5:21-CV-530-FL (E.D.N.C. Jan. 9, 2023).

## Analysis

---

[3] Plaintiffs have filed a Motion to Amend the Record to include the District Court's Order and Judgment as part of the Record. Richie did not file any response to this Motion. Both parties have included portions of the Adversary Proceeding filings in the Record and relied on those filings in their arguments to this Court. As such, we allow the Motion to Amend the Record.

Judge Shirley's Order granted Richie's Motion for Summary Judgment which alleged Plaintiffs were collaterally estopped from re-litigating issues of fraud and misrepresentation by the Bankruptcy Court's Order. On appeal to this Court, Plaintiffs contend the trial court erred in granting Summary Judgment because the Bankruptcy Court's Order should not be deemed to collaterally estop their claims in this action.

"The companion doctrines of *res judicata* and collateral estoppel have been developed by the courts of our legal system during their march down the corridors of time to serve the present-day dual purpose of protecting litigants from the burden of relitigating previously decided matters and of promoting judicial economy by preventing needless litigation." *Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 427, 349 S.E.2d 552, 556 (1986). In particular, collateral estoppel " 'is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally.' " *King v. Grindstaff*, 284 N.C. 348, 356, 200 S.E.2d 799, 805 (1973) (quoting *Comm'r v. Sunnen*, 333 U.S. 591, 599, (1948)). " ' [W]hen a fact has been agreed upon or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed.' " *Id*. at 355, 200 S.E.2d at 804 (quoting *Masters v. Dunstan*, 256 N.C. 520, 523-24, 124 S.E.2d 574, 576 (1962)); *see also State v. Summers*, 351 N.C. 620, 622, 528 S.E.2d 17, 20 (2000) (citing this principle specific to collateral estoppel). "[U]nder the doctrine

of collateral estoppel, when an issue has been fully litigated and decided, it cannot be contested again between the same parties, even if the first adjudication is conducted in federal court and the second in state court." *McCallum v. N.C. Co-op. Extension Serv.*, 142 N.C. App. 48, 52, 542 S.E.2d 227, 231 (2001) (citing *King*, 284 N.C. at 359, 200 S.E.2d at 807)).

However, the District Court's Order and Judgment vacating the Bankruptcy Court's Order and remanding for a new trial alters the posture of this case. "A vacated order is null and void, and has no legal force or effect on the parties or the matter in question." *Brown v. Brown*, 181 N.C. App. 333, 336, 638 S.E.2d 622, 624 (2007). Federal case law agrees: "A vacated judgment has no preclusive force either as a matter of collateral or direct estoppel or as a matter of the law of the case." *No E.-W. Highway Comm., Inc. v. Chandler*, 767 F.2d 21, 24 (1st Cir. 1985). Put another way, the Bankruptcy Court's Order no longer stands unreversed. *See King*, 284 N.C. at 355, 200 S.E.2d at 804.

Thus, in this case, the Bankruptcy Court's Order no longer retains any preclusive effect it may have had on the issues in this case between Plaintiffs and Richie. Therefore, collateral estoppel arising from the vacated Bankruptcy Court Order does not bar Plaintiffs claims against Richie. Consequently, Richie is not entitled to Summary Judgment on this basis.

## Conclusion

Accordingly, we vacate the trial court's 1 February 2022 Order Granting

Summary Judgment and remand this matter for further proceedings.[4]

VACATED AND REMANDED.

Judges ZACHARY and GRIFFIN concur.

---

[4] The subsequent Order denying Summary Judgment entered by Judge Collins is not before us. As such, we express no opinion as to whether that Order was properly entered or decided.