TAMI D. GUERRIER, Plaintiff v. SCOTT R. GUERRIER, Defendant

No. COA01-1461

(Filed 31 December 2002)

**1. Appeal and Error— appealability—interlocutory order—contempt order—substantial right**

Although defendant's appeal from a civil contempt order and an enforcement order for sanctions is an appeal from interlocutory orders, the orders affect a substantial right and are therefore immediately appealable.

**2. Divorce— equitable distribution—custodian of children's investment accounts**

The trial court erred by entering an order removing defendant father as custodian of his children's investment accounts created

GUERRIER v. GUERRIER

[155 N.C. App. 154 (2002)]

pursuant to the Uniform Transfer to Minors Act (UTMA) under the parties' original equitable distribution judgment and by requiring defendant to repay funds removed from those accounts, because: (1) under UTMA, only the clerk of superior court has the original jurisdiction to enter orders relating to the removal of the custodian of accounts created under UTMA, N.C.G.S. § 33A-18(f); and (2) in this case the motions seeking to remove defendant as custodian and to reimburse plaintiff mother for the monies removed from those accounts were filed in district court, which did not have jurisdiction, and were addressed by the trial court.

**3. Appeal and Error— appealability—civil contempt enforcement order appeal pending—child support order**

The trial court did not err in a civil contempt hearing by entering an enforcement order sanctioning defendant father for his failure to comply with the parties' original child support order even though defendant's appeal of the contempt order was pending, because although the general rule under N.C.G.S. § 1-294 provides that notice of appeal divests the trial court of jurisdiction from proceeding upon the judgment appealed from or upon the matter embraced therein, N.C.G.S. § 50-13.4(f)(9) provides an exception to that rule and states that orders for the payment of child support are enforceable pending appeal including any sanctions entered pursuant to an order of civil contempt.

**4. Appeal and Error— preservation of issues—different argument than basis in assignment of error**

Although defendant contends his appeal to the Court of Appeals from a contempt order divested the trial court of jurisdiction to enter orders filed on 17 and 21 September 2001, this assignment of error is dismissed because the argument asserted in the brief relies on a different basis from that asserted in the assignment of error.

Judge BIGGS concurring in part and dissenting in part.

Appeal by defendant from orders filed 25 June 2001, 24 July 2001, 17 September 2001, and 21 September 2001 by Judge William G. Jones in Mecklenburg County District Court. Heard in the Court of Appeals 10 September 2001.

*Tate K. Sterrett, and Kary C. Watson, for plaintiff appellee.*

*Joe T. Millsaps for defendant appellant.*

GUERRIER v. GUERRIER

[155 N.C. App. 154 (2002)]

GREENE, Judge.

Scott R. Guerrier (Defendant) appeals from orders filed: 25 June 2001 finding him in civil contempt for failure to comply with prior orders but delaying enforcement of contempt sanctions (the contempt order); 24 July 2001 enforcing the sanctions imposed by the contempt order (enforcement order); 17 September 2001 declaring Tami D. Guerrier's (Plaintiff) interest in Defendant's G.E. Savings and Security Program account (401(k) account); and 21 September, a Domestic Relations Order regarding the 401(k) account and mandating a Qualified Domestic Relations Order (QDRO) be entered at a subsequent date.

On 5 January 2001, Plaintiff filed a motion for contempt alleging Plaintiff and Defendant had previously been divorced and Defendant had failed and refused to comply with both a previously entered consent equitable distribution and alimony order and a child support order.[1] With respect to violation of the child support order, it was alleged Defendant had failed to pay child support, including a portion of the uninsured medical and dental bills. With respect to violations of equitable distribution, it was alleged Defendant had failed to transfer a portion of his 401(k) account to Plaintiff, failed to pay Plaintiff a portion of income derived from certain assets, and failed to provide Plaintiff with copies of income statements for certain investments held for the children pursuant to the Uniform Transfers to Minors Act (UTMA). Plaintiff requested Defendant be held in contempt of court.

On 26 January 2001, Plaintiff filed a "Motion to Enforce Child Support Order and Equitable Distribution Judgment." This motion alleged Defendant withdrew monies from the funds held pursuant to UTMA,[2] and unlawfully withdrew funds from the 401(k) account. Plaintiff requested Defendant be removed as custodian of the children's UTMA accounts; a judgment be entered against Defendant in the amount of the funds withdrawn from the UTMA accounts and the funds withdrawn from the 401(k) account; possession of and title to the parties primary residence; and entry of a QDRO assigning Plaintiff all of the interest in the 401(k) account.

---

1. Neither party appealed from the divorce judgment or original child support or equitable distribution judgment and alimony order.

2. The UTMA accounts were classified as marital property in the equitable distribution judgment. The accounts are owned by the children, not by either party, and thus it would appear they were not properly classified as either spouse's marital property. That, however, is not an issue raised by the parties to this appeal.

GUERRIER v. GUERRIER

[155 N.C. App. 154 (2002)]

On 1 May 2001, the trial court rendered the contempt order holding Defendant in civil contempt for failure to comply with the child support order and equitable distribution judgment. The order and judgment were reduced to writing and filed on 25 June 2001 and required: Defendant to reimburse Plaintiff for past child support and one-half of the children's medical expenses under the child support order; repayment of the funds removed from the children's investment accounts under the equitable distribution judgment; and committed Defendant to the custody of the Mecklenburg County Sheriff until such time as Defendant complied with the contempt order. Commitment, however, was stayed to give Defendant an opportunity to purge himself of contempt by compliance with the order and judgment. On 23 July 2001, Defendant filed notice of appeal from the contempt order.

On 24 July 2001, the trial court entered the enforcement order: concluding Defendant remained in contempt of court for failure to comply with the child support order and equitable distribution judgment; sanctioning Defendant $100.00; entering judgments for the amount of the funds removed from the children's investment accounts; and removing Defendant as custodian of the children's investment accounts. Defendant filed notice of appeal to the enforcement order on 27 July 2001. Following Defendant's notices of appeal to the contempt and enforcement orders, the trial court entered the 17 September 2001 order declaring Plaintiff's interest in Defendant's 401(k) account, and on 21 September 2001, entered a further order dealing with this account. Defendant gave separate notices of appeal to these orders.

The issues are whether: (I) being held in contempt of court affects a substantial right; (II) being removed as custodian of the children's investment accounts affects a substantial right; (III) the trial court had jurisdiction to remove Defendant as custodian of the children's investment accounts created pursuant to UTMA, and require reimbursement of the monies removed from those accounts; and, (IV) the appeal of the contempt order divested the trial court of jurisdiction to enter the enforcement order.

I

[1] The contempt order is interlocutory for two reasons: (1) it did not resolve all the matters before the trial court in this case, i.e., removal of the custodian of the UTMA account; and, (2) it delayed the entry of

the sanction of imprisonment. The appeal of any contempt order, however, affects a substantial right and is therefore immediately appealable. *Willis v. Power Co.*, 291 N.C. 19, 30, 229 S.E.2d 191, 198 (1976); *see Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 141, 526 S.E.2d 666, 669 (2000).

Accordingly, Defendant's appeal of the contempt order is properly before this Court and should be addressed.[3]

II

Defendant's appeal from the enforcement order is also interlocutory because the order failed to resolve all the issues before the trial court in this case. This appeal, however, also affects a substantial right and is thus properly before this Court. *See Schout v. Schout*, 140 N.C. App. 722, 726, 538 S.E.2d 213, 216 (2000) (partial summary judgment requiring the custodian of a UTMA account to transfer funds was immediately appealable).

III

[2] Defendant argues the trial court erred in entering an order removing him as custodian of the children's investment accounts created pursuant to UTMA under the original equitable distribution judgment and requiring him to repay funds removed from those accounts. We agree.

Under UTMA, only the clerk of superior court has the original jurisdiction to enter orders relating to the removal of the custodian of accounts created pursuant to UTMA. N.C.G.S. § 33A-18(f) (2001) (renunciation, resignation, death, or removal of custodian; designation of successor custodian); N.C.G.S. § 33A-1(4) (2001) ("court" when used in UTMA means the clerk of superior court). The clerk also has original jurisdiction to order an accounting and determine the personal liability of the custodian. N.C.G.S. § 33A-19 (2001). When an issue of fact is raised before the clerk, the clerk then "shall transfer the proceeding to the appropriate court." N.C.G.S. § 1-301.2(b) (2001).

In this case, the motions seeking to remove Defendant as custodian of the children's investment accounts and reimburse Plaintiff for the monies removed from those accounts were filed in district court and were addressed by the trial court. There is, however, nothing in

---

3. The only aspect of the contempt order Defendant claims as error relates to the UTMA account.

GUERRIER v. GUERRIER

[155 N.C. App. 154 (2002)]

this record showing these matters were ever before the clerk of superior court. Accordingly, the district court was without jurisdiction to remove Defendant as custodian of the children's UTMA accounts and without jurisdiction to order Defendant to reimburse Plaintiff for the monies removed from these accounts. These portions of the contempt and enforcement orders must therefore be vacated.

IV

[3] Defendant argues the trial court erred in entering the enforcement order sanctioning him for failure to comply with the original child support order because his appeal of the contempt order was pending. We disagree.

The general rule provides that notice of appeal divests the trial court of jurisdiction from proceeding "upon the judgment appealed from, or upon the matter embraced therein." N.C.G.S. § 1-294 (2001). An exception to that rule provides that orders for the payment of child support are enforceable pending appeal, and this includes any sanctions entered pursuant to an order of civil contempt. N.C.G.S. § 50-13.4(f)(9) (2001). The appellate court may enter a writ of supersedeas staying enforcement of contempt sanctions. *Id.; see* N.C.R. App. P. 23.

In this case, Defendant appeals from the entry of a civil contempt order seeking in part to enforce a child support order. The sanction of $100.00 entered by the trial court in the enforcement order, was entered in an effort to effectuate the child support order and thus was well within the jurisdiction of the trial court.[4]

[4] Defendant finally argues his appeal to this Court from the contempt order divested the trial court of jurisdiction to enter the orders filed on 17 September 2001 and 21 September 2001. We need not address this argument because the argument asserted in the brief to this Court relies on a basis different from that asserted in the assignment of errors set forth in the record on appeal. *See State v. Purdie,*

---

4. To the extent the enforcement order sought to address issues relating to violation of the equitable distribution judgment, i.e., change of custodian on the UTMA account, ordering reimbursement for monies improperly taken from the accounts, the trial court was without jurisdiction. This is so because, unlike child support, child custody, and alimony, there is no statute on equitable distribution stating that orders of the trial court remain enforceable pending appeal. Accordingly, notice of appeal from the contempt order did divest the trial court from entering further orders on these matters. We have, however, vacated these orders in light of another jurisdictional problem. *See* section III of this opinion.

93 N.C. App. 269, 278, 377 S.E.2d 789, 794 (1989) (when argument in brief does not correspond to assignment of error, the assignment of error should be deemed abandoned); N.C.R. App. P. 28.

Accordingly, we (1) vacate the portions of the contempt and enforcement orders removing Defendant as custodian of the children's investment accounts and requiring him to reimburse Plaintiff for funds removed from those accounts; (2) affirm the portions of the enforcement orders holding Defendant in civil contempt for failure to comply with a child support order and imposing sanctions on Defendant for the non-compliance; and (3) dismiss Defendant's appeal from the 17 September 2001 and 21 September 2001 orders.

Vacated in part, affirmed in part, and dismissed in part.

Judge WYNN concurs.

Judge BIGGS concurs in part and dissents in part.

BIGGS, Judge concurring in part and dissenting in part.

Because I do not agree with the majority that the appeal of "any contempt order" automatically affects a substantial right and is immediately appealable, I respectfully dissent. However, I agree with the majority's determinations regarding the UTMA accounts, and concur with those portions of the majority opinion.

The determination of whether an interlocutory appeal affects a substantial right must be made on a case by case basis. *McCallum v. North Carolina Coop. Extensive Serv. of N.C. State Univ.*, 142 N.C. App. 48, 542 S.E.2d 227 (2001). What constitutes a substantial right is strictly construed, *Flitt v. Flitt*, 149 N.C. App. 475, 561 S.E.2d 511 (2002), and "[t]his Court [North Carolina Supreme Court] . . . [has] adopted the dictionary definition of substantial right: a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a [person] is entitled to have preserved and protected by law: a material right." *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999).

Moreover, "it is the appellant's burden to present argument in his brief to this Court to support acceptance of the appeal, as it 'is not the duty of this Court to construct arguments for or find support of appellant's right to appeal from an interlocutory order.' " *Jeffreys v.*

*Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). N.C.R. App. P. 28(b)(4) (effective 31 October 2001) requires the appellant's brief to include a "statement of grounds for appellate review[,]" and directs that "[w]hen an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." Defendant's brief fails to acknowledge that his appeal is interlocutory, and presents no argument that a substantial right is affected.

In certain instances immediate appeal may lie from a finding of contempt. *See, e.g., Sharpe v. Worland,* 351 N.C. 159, 522 S.E.2d 577 (1999) (order if contempt for failure to disclose documents that are subject to an absolute statutory privilege affects a substantial right and may be immediately appealed), *disc. review denied,* 352 N.C. 150, 544 S.E.2d 228 (2000). However, this does not mean that every contempt order is immediately appealable. In the present case, the majority does not state what substantial right of appellant's is implicated by this appeal, and I discern no substantial right of defendant's that would be lost by delaying appeal until the trial court entered orders pertaining to the other issues raised in plaintiff's motion, with the exception of those related to the UTMA accounts.

This Court has not previously held that a right of immediate appeal arises from every order of civil contempt, and should not do so in the present case. Rather, we should continue to evaluate all interlocutory appeals on a case-by-case basis.

Accordingly, for the reasons set forth herein, I respectfully dissent in part and concur in part.