TIMMONS-GOODSON, Judge.
Andrea Anderson ("plaintiff") appeals a judgment of the trial court finding her in civil contempt for failing to adhere to a schedule of court-ordered visitation between her son, John Colby Lackey ("Colby") and his father, John Eston Lackey, III ("defendant"). For the reasons stated herein, we dismiss the appeal in part and affirm the trial court's order finding plaintiff in contempt of court.
The factual and procedural history of the case is as follows: Plaintiff and defendant were married to each other from 6 July 1985to 3 May 1993. Colby was born on 19 March 1988 and was fifteen years old at the time of the contempt hearings. When the parties divorced, the trial court signed a Consent Order on Custody and Visitation, which granted plaintiff custody of Colby and granted defendant supervised visitation. The trial court modified the consent order in an Order Settling Visitation and Closing Case, issued on 18 April 2002. This order provided a detailed schedule for visitation, and ordered plaintiff to conduct herself according to the schedule as follows:
Plaintiff mother shall deliver Colby to his father for each visit. She shall tell Colby, without ambivalence, that visits with his father are good for him, that he may not choose not to go, and that he is going. She shall not allow him a choice any more than she would allow him to refuse to eat healthy foods, refuse to go to school when he is not ill, or refuse a required immunization. If he calls her to retrieve him from a visit, she shall decline to do so. Father shall return Colby to his mother at the end of each visit.
Colby was scheduled to visit defendant on the weekend of 26 April 2002 to 28 April 2002. Plaintiff testified that on 26 April, when plaintiff notified Colby that it was time to drive to defendant's place of business, Colby locked himself in the master bedroom of the house and refused to come out for twenty-four hours. The next scheduled visitation was the weekend of 10 May 2002 to 12 May 2002. Colby was also scheduled to participate in a school trip to Charleston, South Carolina the same weekend. Plaintiff testified that she "could not get Colby to agree" to visit defendant that weekend. She further testified that she allowed Colby to go on the school trip because it was aneducational experience, but that she took privileges away from Colby on the other weekends that he refused to visit his father. On 16 May 2002, defendant filed a Motion for Contempt, arguing that "Plaintiff has, in fact, failed to comply with the provisions of [the Order Settling Visitation] in that Plaintiff has failed to deliver Colby for the scheduled weekend visitations with Defendant as required." Defendant also argued the following:
Plaintiff has refused and continues to refuse to comply with said Order. Plaintiff has an affirmative duty to exercise her parental authority in order to enforce visitation and she has refused to do so. Plaintiff's conduct as stated herein is willful, wanton and in direct disobedience of the Court's Order and constitutes a criminal and civil contempt of court.
In plaintiff's Reply to Defendant's Motion for Contempt, dated 3 July 2002, she argues as follows: "[i]t is admitted that Plaintiff has been unable to deliver Colby for the scheduled weekend visitations with Defendant. It is denied that she has 'failed' as she does not have the ability to force Colby to attend the visitations." Plaintiff argues that "after sincere encouragement and the institution of punishment and restrictions on Colby for his failure to obey the Court order," Colby still refuses to visit with defendant.
The trial court conducted a hearing on 3 July 2002, at which Judge Harper ruled that plaintiff was in civil contempt of court. Judge Harper stated from the bench that she would "take under advisement the issue of the sanction for the contempt." In a written opinion issued on 7 March 2003, Judge Harper decreed that"[p]laintiff is in continuing civil contempt of this Court," and that sanctions to be imposed for plaintiff's contempt were taken under advisement.
On 15 July 2002, defendant filed a Motion for Imposition of Contempt Sanctions, for Further Contempt, for Termination of Child Support and for Attorneys' Fees. These motions were based on scheduled visitations that Colby missed since the 16 May 2002 Motion for Contempt was filed. Plaintiff and Colby traveled to Germany on 22 May 2002 and did not return until 1 July 2002. Thus, Colby missed scheduled visitations the weekend of 24 May 2002 to 26 May 2002, and throughout the month of June.
In her Response to defendant's motion for imposition of contempt sanctions, plaintiff reiterated that she "has been unable to comply with the provisions of said Order due to her son's steadfast and unwavering refusal to participate in visitation."
The trial court conducted a second hearing on 19 July 2002, at which Judge Harper ruled from the bench that plaintiff was again in civil contempt of court, and ordered her to spend the weekend in jail. In a written opinion issued on 7 March 2003, the trial court issued the following pertinent orders:
1. Plaintiff is guilty of civil contempt of the Court's April 18, 2002 Order.
2. Plaintiff is hereby incarcerated in the Mecklenburg County Jail for an indefinite period of time to last no longer than 6:00 p.m. on Sunday, July 21, 2002, for the civil contempt arising from her willful failure to deliver Colby to Defendant for visitation on the weekend of July 5-7, 2002.
3. Plaintiff shall be purged of such civil contempt and immediately released from her incarceration if at any point during the weekend of July 19-21, 2002, Colby attends the scheduled visitation with Defendant.
4. The imposition of sanctions for Plaintiff's other civil contempt of the April 18, 2002 Order, as found in the July 3, 2003 Order, is held in abeyance.
It is from this order that plaintiff appeals.
Plaintiff's brief contains arguments supporting only twenty of the original twenty-two assignments of error on appeal. The two omitted assignments of error are deemed abandoned pursuant to N.C.R. App. P. 28(b)(6) (2004). We therefore limit our review to those assignments of error addressed in plaintiff's brief.
The issues that plaintiff raises on appeal are most easily addressed by consolidating them as follows: Plaintiff argues that the trial court erred by (I) finding plaintiff in civil contempt of court; (II) showing bias against plaintiff and Colby during the 3 July 2003 contempt hearing; (III) failing to give plaintiff adequate notice of the two contempt hearings; and (IV) failing to verify defendant's mental competence before the 19 July 2002 contempt hearing.
We note that there has not been a final adjudication with regard to the 3 July 2002 contempt hearing. We further note that there has not been a final adjudication with regard to the 19 July 2002 "Inquiry into the Validity of the Defendant's Verification." "[T]he right of appeal lies from the final judgment of [a trial court] or from an interlocutory order of [a trial court] which affects some substantial right." Whalehead Properties v. Coastland Corp., 299 N.C. 270, 275, 261 S.E.2d 899, 903 (1980) (citations omitted). This Court held in Guerrier v. Guerrier that while a contempt order is interlocutory, a substantial right is effected and thus the order is immediately appealable. 155 N.C. App. 154, 158, 574 S.E.2d 69, 71 (2002). In Guerrier, the trial court ordered defendant committed to the custody of the county jail "until such time as Defendant complied with the contempt order." 155 N.C. App at 157, 574 S.E.2d at 71. "Commitment, however was stayed to give Defendant an opportunity to purge himself of contempt by compliance with the order and judgment." Id. The appeal affected the defendant's substantial rights because the defendant was forced to either risk imprisonment or comply with an order that the defendant contended was erroneously entered. The present case is distinguishable from Guerrier. Here, the trial court has taken under advisement the sanctions to be imposed for plaintiff's contempt. Plaintiff is not at imminent risk of punishment. Thus, the contempt order cannot be said to affect a substantial right. Furthermore, the judgment is not a final judgment. "A final judgment disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court, while an interlocutory ruling does not determine the issues but directs some further proceeding preliminary to the final decree." Burwell v. Griffin, 67 N.C. App.198, 203, 312 S.E.2d 917, 920, appeal dismissed, 311 N.C. 303, 317 S.E.2d 678 (1984) (citations omitted). "[O]rders and judgments which are not final in their nature, but leave something more to be done with the case, are not immediately reviewable. The remedy is to note an exception at the time, to be considered on appeal from final judgment." Cox v. Cox, 246 N.C. 528, 531, 98 S.E.2d 879, 882-83 (1957), citing McIntosh, North Carolina Practice and Procedure, Second Edition, Section 1782(3).
With regard to the 3 July 2003 contempt hearing, the trial court stated that the issue of sanctions for the contempt would be taken under advisement. After the 19 July 2003 contempt hearing, the trial court further stated that "[t]he imposition of sanctions for Plaintiff's other civil contempt of the April 18, 2002 Order, as found in the July 3, 2003 Order, is held in abeyance." This order neither affects a substantial right, nor is it a final order because it fails to completely dispose of the issue of contempt. The trial court specifically states that a final ruling will be issued at a later time. For these reasons, we dismiss those portions of plaintiff's appeal pertaining to the 3 July 2002 contempt hearing and the corresponding order.
With regard to the 19 July 2002 "Inquiry into the Validity of the Defendant's Verification," the order from the 19 July hearing provides that the inquiry is "taken under advisement." Because there is no final judgment disposing of this issue, the issue is not reviewable at this time. Thus, we dismiss the portion ofplaintiff's appeal pertaining to the "Inquiry into the Validity of the Defendant's Verification."
Next, plaintiff argues that the trial court erred by finding plaintiff in civil contempt of court. We disagree.
The standard of review for civil contempt proceedings is "'limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law.'" Trivette v. Trivette, ___ N.C. App. ___, ___, 590 S.E.2d 298, 303 (2004) quoting Sharpe v. Nobles, 127 N.C. App. 705, 709, 493 S.E.2d 288, 291 (1997). North Carolina General Statutes provide that
[f]ailure to comply with an order of a court is a continuing civil contempt as long as:
(1) The order remains in force;
(2) The purpose of the order may still be served by compliance with the order;
(2a) The noncompliance by the person to whom the order is directed is willful; and
(3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.
N.C. Gen. Stat. § 5A-21(a) (2003).
We note our decision in the case of Hancock v. Hancock, 122 N.C. App. 518, 471 S.E.2d 415 (1996). In Hancock, the trial court found the mother in contempt of court where her ten-year-old son refused court-ordered visitation with his father. On appeal, this Court held that there was no substantial evidence that the mother willfully disobeyed the court order. This Court disagreed with"the trial court's finding that 'Plaintiff's inaction in not requiring the minor child to visit with the Defendant' amounts to contempt." Hancock, 122 N.C. App. at 525, 471 S.E.2d at 419. We saw no evidence that "plaintiff resisted defendant's visitation or otherwise refused to obey the visitation order." Id. "She simply did not physically force the child to go." Id. We further held that "[a]bsent any evidence she encouraged his refusal to go or attempted in any way to prevent the visitation, her actions or inactions, even if improper, do not rise to the level of contempt." Id. at 525-26, 471 S.E.2d at 420.
In the present case, Colby was scheduled to visit defendant from 5 July 2002 to 7 July 2002 beginning at 6:00 p.m. on 5 July. At the appointed time, plaintiff packed a bag for Colby to take with him to the visitation. Plaintiff told Colby that he was required to visit his father using the language provided in the Order Settling Visitation. However, Colby refused to visit defendant and thus plaintiff did not deliver Colby to defendant as required by the Order Settling Visitation. On the following evening, plaintiff drove Colby to Appalachian State University to participate in the Talent Identification Program sponsored by Duke University.
The facts of the present case are distinguishable from the facts in Hancock due to the parties' history. In the present case, after plaintiff and defendant divorced, plaintiff convinced Colby that defendant molested Colby as an infant. The trial court heard the molestation allegations, but did not find them to be true. However, it is evident that Colby's attitude toward defendant stems from Colby's belief that defendant mistreated him. No amount of "sincere encouragement" by plaintiff is going to convince Colby to visit defendant after plaintiff has poisoned the relationship between Colby and defendant. Plaintiff now seeks to use Colby's refusal to visit defendant as a shield in these contempt proceedings.
We hold that the trial court properly found plaintiff in contempt of the Order Settling Visitation. The evidence presented during the contempt hearing tends to show the following: the Order Settling Visitation remains in force; the purpose of the order, visitation between Colby and defendant, can be served by plaintiff's compliance with the order; plaintiff's failure to comply with the order is willful; and plaintiff can take reasonable measures to comply with the order.
We recognize that the determination of contempt is a fact-specific inquiry and as such we limit this holding to the facts of the case before us. Because we conclude that there is adequate evidence to support the trial court's finding of civil contempt, we affirm the trial court's ruling.
Plaintiff next argues that the trial court erred by failing to give plaintiff adequate notice of the 19 July 2002 contempt hearing. This argument is overruled.
The statute governing contempt proceedings provides as follows:
Proceedings for civil contempt may be initiated by motion of an aggrieved partygiving notice to the alleged contemnor to appear before the court for a hearing on whether the alleged contemnor should be held in civil contempt. A copy of the motion and notice must be served on the alleged contemnor at least five days in advance of the hearing unless good cause is shown.
N.C. Gen. Stat. § 5A-23(a1) (2003) (emphasis added).
In the present case, plaintiff puts forth her argument without stating the date that she received notice of the hearing. Thus, plaintiff has failed to demonstrate that notice was served fewer than five days before the hearing. Because there is insufficient evidence that the trial court failed to give plaintiff adequate notice of the contempt hearing, we overrule this assignment of error.
Plaintiff further argues that the trial court erred by failing to serve Colby with notice of the contempt hearing. This argument also lacks merit.
The plain language of the statute requires that a copy of the motion for contempt and notice of hearing be served "on the alleged contemnor." There is no requirement that notice be served on other parties of interest in the underlying case. Because the trial court was not required to serve Colby with notice of the contempt hearing, we overrule this assignment of error.
DISMISSED in part, AFFIRMED in part.
Judges McGEE and TYSON concur.
Report per Rule 30(e).