IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-331

 Filed: 19 April 2016

Mecklenburg County, No. 09 CVD 11064

CRAIG STEVEN SMITH, Plaintiff,

 v.

VERA CRANFORD SMITH, Defendant.

 Appeal by plaintiff from orders entered 15 October 2014 by Judge Donnie

Hoover in Mecklenburg County District Court. Heard in the Court of Appeals 22

September 2015.

 James, McElroy & Diehl, P.A., by Preston O. Odom, III, G. Russell Kornegay,
 III, and John Paul Tsahakis, for plaintiff-appellant.

 William L. Sitton, Jr., Attorney at Law, by William L. Sitton, Jr.; and Brendle
 Law Firm, PLLC, by Andrew S. Brendle, for defendant-appellee.

 GEER, Judge.

 This is the second appeal before this Court arising out of the parties’ claims for

equitable distribution, child custody, and child support. In the first action, both

parties appealed the permanent child custody and support order and the equitable

distribution order. In the instant case, plaintiff Craig Steven Smith appeals (1) the

order denying his motion to stay the execution and enforcement of the permanent

child support order and (2) the order holding him in contempt for failing to pay his

children’s private school tuition pursuant to the permanent child support order. He

primarily argues that statutory law requires the automatic stay of the permanent
 SMITH V. SMITH

 Opinion of the Court

child support order upon the parties’ appeals of that order and that, as a result, the

trial court did not have jurisdiction to hold him in contempt for violating the order.

He also asserts that defendant Vera Cranford Smith is precluded from enforcing the

child support order from which she had also appealed. We hold that N.C. Gen. Stat.

§ 50-13.4(f)(9) (2015) allowed the trial court to enforce the child support order that

was pending appeal.

 Plaintiff also contends that because his income has declined since the entry of

the permanent child support order, he did not willfully violate the permanent child

support order and should not be held in contempt. We hold that the trial court’s

conclusion that plaintiff was willfully in contempt of the child support order was

supported by factual findings, which in turn were supported by competent evidence.

Accordingly, we affirm the orders of the trial court below.

 Facts

 In the first appeal before this Court, plaintiff challenged the rulings in the 9

July 2014 permanent child support and custody order that required him to pay his

children’s private school tuition at Providence Day School (“PDS”). Defendant cross-

appealed from the same child support order because it required her to reimburse

plaintiff for 25% of the tuition payments. On 19 August 2014, a few days after

defendant filed her notice of cross-appeal, she also filed and served on plaintiff a

motion for emergency relief and motion for contempt in the trial court below. The

 -2-
 SMITH V. SMITH

 Opinion of the Court

basis for those post-appeal motions was plaintiff’s refusal to pay the required tuition

with the result that their children were in danger of forfeiting their enrollment at

PDS as a result of the outstanding amount due to the school.

 As allowed under the child support order, plaintiff chose to pay for the 2014-

2015 PDS tuition on a 10-month installment plan, which required payment of

$6,141.00 on the 20th day of each month beginning 20 July 2014. On 8 August 2014,

plaintiff’s counsel informed defendant’s counsel that he was unable to make the July

and August 2014 payments as a result of his increasing debt and decreased income.

On 11 August 2014, defendant’s counsel responded by requesting certain

documentation concerning plaintiff’s financial circumstances. The deadline for

securing continued enrollment of the minor children at PDS was, however, 18 August

2014, forcing defendant to file a motion seeking emergency relief.

 On the same day that defendant filed her motions for emergency relief and

contempt, Judge Donnie Hoover entered an Order to Appear and Show Cause and

Notice of Hearing, requiring plaintiff to appear at a contempt hearing two days later

on 21 August 2014. On 20 August 2014, plaintiff filed and served a Motion to Stay

Execution and Enforcement of Judgment During Appeal to stay enforcement of the

PDS tuition payment directive while the first appeal before this Court was pending.

At the hearing on 21 August 2014, plaintiff introduced an updated financial affidavit

 -3-
 SMITH V. SMITH

 Opinion of the Court

showing his average net monthly income had reduced to $16,533.01, and that he was

now running a monthly deficit of $1,266.72.

 After hearing all motions on 21 August 2014, Judge Hoover first denied

plaintiff’s motion to stay and found that the trial court “has the authority to enforce

the Child Support Order . . . notwithstanding the appeal[.]” Judge Hoover also found

plaintiff in civil contempt, ordering him imprisoned in the Mecklenburg County jail

for 30 days or until he pays the tuition owed according to the support order. The trial

court subsequently issued a written order on 15 October 2014, specifically requiring

plaintiff to pay “the entire balance currently owed to PDS for the 2014-2015 school

year.” Plaintiff timely appealed to this Court.

 I

 In challenging the trial court’s denial of his motion to stay, plaintiff makes

several different arguments. First, he argues that his original appeal from the 9 July

2014 child support order automatically stayed enforcement of the directive to pay his

children’s private school tuition at PDS pursuant to N.C. Gen. Stat. § 1-294 (2015),

effectively taking defendant’s motion for contempt out of the jurisdiction of the trial

court. Second, relying solely on federal precedent, he attempts to persuade this Court

that defendant’s cross-appeal of the child support order also requires an automatic

stay of the tuition payment directive. Finally, plaintiff argues that the trial court

 -4-
 SMITH V. SMITH

 Opinion of the Court

erred by failing to set a bond under N.C. Gen. Stat. § 1-289 (2015) to stay enforcement

of the PDS tuition directive.

 Normally, we review the denial of a motion to stay under an abuse of discretion

standard. Park E. Sales, LLC v. Clark-Langley, Inc., 186 N.C. App. 198, 202, 651

S.E.2d 235, 238 (2007). Here, however, our standard of review is de novo because

where a party “presents a question of ‘statutory interpretation, full review is

appropriate, and the conclusions of law are reviewable de novo.’ ” Romulus v.

Romulus, 216 N.C. App. 28, 32, 715 S.E.2d 889, 892 (2011) (quoting Mark IV

Beverage, Inc. v. Molson Breweries USA, Inc., 129 N.C. App. 476, 480, 500 S.E.2d 439,

442 (1998)). Also, where the trial court’s subject matter jurisdiction to hear an issue

is questioned, “ ‘[t]he standard of review . . . is de novo.’ ” Id. (quoting Keith v.

Wallerich, 201 N.C. App. 550, 554, 687 S.E.2d 299, 302 (2009)).

 We first address plaintiff’s argument that the trial court was without

jurisdiction to hold him in contempt for violating the permanent support order

because it was automatically stayed pending appeal. As a general rule, under N.C.

Gen. Stat. § 1-294, “[w]hen an appeal is perfected . . . it stays all further proceedings

in the court below upon the judgment appealed from, or upon the matter embraced

therein . . . .” However, N.C. Gen. Stat. § 50-13.4(f)(9) establishes an express

exception to that rule when the trial court has ordered child support payments. N.C.

Gen. Stat. § 50-13.4(f)(9) provides in pertinent part: “Notwithstanding the provisions

 -5-
 SMITH V. SMITH

 Opinion of the Court

of G.S. 1-294, an order for the payment of child support which has been appealed to

the appellate division is enforceable in the trial court by proceedings for civil contempt

during the pendency of the appeal.” (Emphasis added.) This exception was applied

in Guerrier v. Guerrier, 155 N.C. App. 154, 159, 574 S.E.2d 69, 72 (2002), which held

that “orders for the payment of child support are enforceable pending appeal . . . .”

 Plaintiff attempts to deflect this exception by arguing that it is only applicable

to child support orders requiring “periodic payments” equating to “a specific,

unequivocal directive . . . to pay child support on a certain schedule and/or by certain

dates.” Brown v. Brown, 171 N.C. App. 358, 361, 362, 615 S.E.2d 39, 40-41 (2005).

Plaintiff claims that because the trial court’s order that he pay tuition allowed him

“to choose between the options available” at PDS, this is not a “specific, unequivocal

directive,” id., contemplated by the exception in N.C. Gen. Stat. § 50-13.4(f)(9) and

Brown. However, Brown does not control here because it only applies in cases

“[w]here an order reducing child support arrears to a money judgment does not

include a provision for periodic payments or other deadline for payment[.]” 171 N.C.

App. at 362, 615 S.E.2d at 41 (emphasis added). Because neither party has moved to

reduce the tuition payment directive to a money judgment, plaintiff’s reliance on

Brown is misplaced. Furthermore, because we agree with the trial court that the

PDS tuition payment directive “is still a periodic payment, whether [plaintiff] chooses

to pay it once a year, once a semester or over ten months[,]” we find N.C. Gen. Stat.

 -6-
 SMITH V. SMITH

 Opinion of the Court

§ 50-13.4(f)(9) controlling in this matter. Accordingly, the child support order was

not automatically stayed and the trial court had proper jurisdiction to enforce it.

 Plaintiff next argues that defendant’s cross-appeal of the child support order

should necessarily preclude her from enforcing the very rulings that she is

challenging. In support of this proposition, plaintiff cites a number of federal cases.

See generally Bronson v. La Crosse & Milwaukee R.R. Co., 68 U.S. 405, 410, 17 L. Ed.

616 (1863); Trustmark Ins. Co v. Gallucci, 193 F.3d 558, 559 (1st Cir. 1999); Enserch

Corp. v. Shand Morahan & Co., 918 F.2d 462, 464 (5th Cir. 1990); TN Valley Auth. v.

Atlas Mach. & Iron Works, Inc., 803 F.2d 794, 797 (4th Cir. 1986). We are, of course,

not bound by these decisions, but we also do not find them persuasive authority since

the cases do not address appeals from child support orders. Moreover, defendant

cross-appealed the final child support order only with respect to the requirement that

she reimburse plaintiff for 25% of the tuition after he paid it in full and on time to

PDS. We can conceive of no justification for precluding defendant from enforcing

plaintiff’s court-ordered obligation to pay the PDS tuition in full upon becoming due.

 Plaintiff also argues that the trial court erred in failing to set a bond to stay

enforcement of the private school tuition directive pursuant to Rule 62(d) of the Rules

of Civil Procedure and N.C. Gen. Stat. § 1-289. Because N.C. Gen. Stat. § 1-289(a1)

states that “the court shall specify the amount of the undertaking required to stay

execution of the judgment pending appeal[,]” we review the trial court’s decision to

 -7-
 SMITH V. SMITH

 Opinion of the Court

deny the setting of a bond for an abuse of discretion. See Markham v. Nationwide

Mut. Fire Ins. Co., 125 N.C. App. 443, 456, 481 S.E.2d 349, 358 (1997) (holding

decision to set surety amount “ ‘adjudged by the court’ ” reviewed for abuse of

discretion (quoting N.C. Gen. Stat. § 1-285(a) (1995)). Here, we find that the trial

court, by acknowledging that “child support is excepted from this process” because

the children affected “have nothing to do with the disputes that have gone on between

these two parties[,]” appropriately exercised its discretion in refusing to set a bond

pending appeal of the order requiring plaintiff to pay child support. We, therefore,

affirm the trial court’s order denying plaintiff’s motion to stay execution and

enforcement of the child support order.

 The dissent holds that the trial court erred in failing to set a bond pursuant to

N.C. Gen. Stat. § 1-289. The dissent and plaintiff misread N.C. Gen. Stat. § 1-289

and Rule 62(d). Plaintiff filed a motion under the statute and rule “to stay

enforcement of the PDS tuition payment directive . . . .” Both the statute and rule,

however, address obtaining a stay of “execution” on a judgment and do not specifically

address the ability to hold a party in contempt during an appeal. That issue is

specifically addressed by N.C. Gen. Stat. § 50-13.4(f)(9).

 While the dissent cites Quick v. Quick, 305 N.C. 446, 462, 290 S.E.2d 653, 663

(1982), as holding that a child support order can be a money judgment for purposes

of N.C. Gen. Stat. § 1-289, both the dissent and plaintiff have overlooked the fact that

 -8-
 SMITH V. SMITH

 Opinion of the Court

our courts have restricted execution and, therefore, the applicability of N.C. Gen.

Stat. § 1-289 to past due installments. See Clark v. Bichsel, ___ N.C. App. ___, ___,

767 S.E.2d 145, 148 (2015) (“We have previously held that, as a general rule, once a

judgment fixes the amount due, execution, not contempt, is the appropriate

proceeding.”); Potts v. Tutterow, 114 N.C. App. 360, 364, 442 S.E.2d 90, 92 (1994),

(emphasizing that “this Court [has] held that execution is only available for past due

installments of alimony”), aff'd per curiam, 340 N.C. 97, 455 S.E.2d 156 (1995).

 Moreover, Quick predates the 1983 amendment that enacted the provision in

N.C. Gen. Stat. § 50-13.4(f)(9) that allows a court to hold a party in contempt for

failure to pay child support pending appeal. See 3 Suzanne Reynolds, Lee’s North

Carolina Family Law § 13.127[a] (5th ed. 2002). The proper remedy for plaintiff was

to seek a stay from this Court. See N.C. Gen. Stat. § 50-13.4(f)(9) (“Upon motion of

an aggrieved party, the court of the appellate division in which the appeal is pending

may stay any order for civil contempt entered for child support until the appeal is

decided, if justice requires.”).

 II

 Plaintiff also argues that the order holding him in civil contempt should be

reversed because (1) he did not have adequate notice of the contempt hearing, (2) the

trial court did not make adequate findings of a willful violation of the directive to pay

PDS tuition, and (3) the purge condition in the contempt order erroneously modified

 -9-
 SMITH V. SMITH

 Opinion of the Court

the underlying tuition payment directive. “ ‘When reviewing a trial court’s contempt

order, the appellate court is limited to determining whether there is competent

evidence to support the trial court’s findings and whether the findings support the

conclusions [of law].’ ” Wellons v. White, 229 N.C. App. 164, 173, 748 S.E.2d 709, 716

(2013) (quoting Shumaker v. Shumaker, 137 N.C. App. 72, 77, 527 S.E.2d 55, 58

(2000)). “ ‘The trial court’s conclusions of law drawn from the findings of fact [in civil

contempt proceedings] are reviewable de novo.’ ” Id., 748 S.E.2d at 716-17 (quoting

Tucker v. Tucker, 197 N.C. App. 592, 594, 679 S.E.2d 141, 143 (2009)).

 As an initial matter, plaintiff argues that the trial court committed reversible

error by failing to provide him with the full five-day notice period required for a show

cause order entered pursuant to N.C. Gen. Stat. § 5A-23(a) (2015). The Order to

Appear and Show Cause and Notice of Hearing required plaintiff to appear before the

trial court only two days after its issuance on 19 August 2014. Upon objection, Judge

Hoover noted that he had issued the child support order the previous month, and that

because plaintiff had ample time to construct a defense to the enforcement of that

order, there was sufficient notice to plaintiff and good cause to hear the contempt

proceedings on short notice. Because “the purpose of notice is to enable the one

charged to prepare his defense,” M.G. Newell Co. v. Wyrick, 91 N.C. App. 98, 101, 370

S.E.2d 431, 434 (1988), we agree with the trial court, and find that it had good cause

to shorten the notice period.

 - 10 -
 SMITH V. SMITH

 Opinion of the Court

 With regard to the substance of the civil contempt order, the trial court

ultimately concluded that (1) plaintiff “has failed to comply with the [permanent

support order]” by refusing to pay his children’s private school tuition, (2) that

plaintiff “has the present ability to comply with the [permanent support order,]” and

(3) that his “noncompliance . . . was willful.” These conclusions are supported by

several findings of fact setting out plaintiff’s testimony at the contempt hearing

regarding his income and expenses. Preceding these findings is Finding of Fact No.

17, which reads: “The court finds that despite the Father’s contentions, ample

evidence was presented that Father is well able and capable of paying the permanent

child support obligations set forth in the July 9, 2014 Order . . . .” A sampling of this

“ample evidence” is as follows: plaintiff indicated a monthly income of $47,000.00 on

a July 2013 loan application for his purchase of a residence worth approximately

$840,000.00; he owns over $140,000.00 worth of stocks, bonds, and securities; he owns

five rental properties separately or jointly with his present wife and realizes

uncharacteristically low profits from them; his retirement accounts are worth in

excess of $900,000.00; the court found his monthly expenses as represented on his

financial affidavit were unreasonable; and plaintiff failed to account for the fact that

his stepchildren’s father covers some of their expenses. In conclusion, the trial court

found that as a result of plaintiff’s willful violation of the permanent support order,

he would be imprisoned for 30 days or until he “pay[ed] the remaining balance of any

 - 11 -
 SMITH V. SMITH

 Opinion of the Court

tuition owed to Providence Day School on behalf of the Minor Children for the entire

2014-2015 school year[.]”

 The relevant contempt statute holds in pertinent part that “[f]ailure to comply

with an order of a court is a continuing civil contempt as long as . . . [t]he

noncompliance by the person . . . is willful; and . . . [t]he person to whom the order is

directed is able to comply with the order or is able to take reasonable measures that

would enable the person to comply with the order.” N.C. Gen. Stat. § 5A-21(a) (2015).

As with all proceedings in which the court sits without a jury, the trial court’s

ultimate findings “are conclusive on appeal if supported by competent evidence, even

though there may be evidence to support contrary findings.” Bridges v. Bridges, 85

N.C. App. 524, 526, 355 S.E.2d 230, 231 (1987). However, “findings are inadequate

[if] they are ‘mere recitations of the evidence and do not reflect the processes of logical

reasoning.’ ” Long v. Long, 160 N.C. App. 664, 668, 588 S.E.2d 1, 3 (2003) (quoting

Williamson v. Williamson, 140 N.C. App. 362, 364, 536 S.E.2d 337, 339 (2000)).

 Plaintiff first challenges the findings that utilize his testimony by categorically

dismissing them as insufficient recitations of evidentiary fact. He argues that

because they “merely recapitulate [his] testimony,” they “do not meet the standard

set by [Rule 52(a)(1) of the Rules of Civil Procedure].” Id. We disagree. The detailed

findings and the corresponding conclusions noted above do more than merely recite

plaintiff’s testimony. They also “ ‘reflect the processes of logical reasoning.’ ” Id.

 - 12 -
 SMITH V. SMITH

 Opinion of the Court

(quoting Williamson, 140 N.C. App. at 364, 536 S.E.2d at 339). This is most evident

in the preamble to Finding of Fact No. 17, which asserts that plaintiff’s contentions

that he is unable to pay his children’s private school tuition are sufficiently refuted

by the “ample evidence” to the contrary. We, therefore, hold that the trial court’s

findings of fact describing plaintiff’s own testimony were not in error.

 Plaintiff also claims that these enumerated findings do not support a

conclusion that he is presently able to pay his children’s tuition and that his refusal

to do so is willful. In his appellate brief, plaintiff attempts to refute each finding with

contrary evidence or a different interpretation of each finding. Despite this effort, we

determine that the findings of fact, drawn in part from plaintiff’s own testimony or

admissions, are supported by evidence and sufficiently establish plaintiff’s

substantial monthly income, his accumulated wealth in the form of real property,

retirement, and stocks and bonds, and the unreasonable aspects of his most recent

affidavit in which he claims he is unable to afford the PDS tuition. These findings

support the conclusion that plaintiff has sufficient income and assets to comply with

the permanent child support order by paying the PDS tuition in monthly installments

as he elected to do or by “tak[ing] reasonable measures that would enable [him] to

comply with the order” as provided in N.C. Gen. Stat. § 5A-21(a)(3). Accordingly, we

affirm the trial court’s ruling that plaintiff was in willful violation of the permanent

support order.

 - 13 -
 SMITH V. SMITH

 Opinion of the Court

 Plaintiff’s final argument is that the purge condition requiring him to pay the

remaining balance of the PDS tuition owed for the 2014-2015 school year erroneously

modified the permanent support order in place, which allowed plaintiff to “choose

between the [payment] options available” at PDS. Plaintiff cites to Bogan v. Bogan,

134 N.C. App. 176, 179, 516 S.E.2d 641, 643 (1999), in support of this argument,

which holds that “a trial court is without authority to sua sponte modify an existing

support order.” However, we find that a simple reading of the contempt order shows

that “Plaintiff/Father must pay the remaining balance of any tuition owed to

Providence Day School . . . .” (Emphasis added.) Thus, as plaintiff “elected to pay

PDS tuition by monthly installments,” the trial court did not sua sponte modify the

permanent child support order because the contempt order did not require plaintiff

to pay the tuition for the school year in its entirety, but only the remaining balance

for the entire 2014-2015 school year given his monthly installment plan. Accordingly,

because we find the purge condition was not erroneous, and because the trial court’s

conclusions of law were adequately supported by competent findings of fact, which

were in turn supported by competent evidence, we affirm the trial court’s contempt

order.

 AFFIRMED.

 Judge BRYANT concurs.

 Judge TYSON dissents in a separate opinion.

 - 14 -
 No. COA15-331 – Smith v. Smith

 TYSON, Judge, dissenting.

 The majority’s opinion erroneously affirms the trial court’s civil contempt

order, which concluded plaintiff willfully failed to pay his children’s private school

tuition as required by the support order, while that order was pending before this

Court on cross-appeals from both parties. Presuming, without agreeing, defendant

possessed the right to seek enforcement through contempt, while also contesting the

same order on appeal, the trial court erred and prejudiced plaintiff by failing to rule

upon his motion to stay the execution and enforcement of the appealed order and to

set bond conditions pursuant to N.C. Gen. Stat. § 1-289.

 Plaintiff retained a statutory right to seek and secure the trial court’s

determination of a bond or security to stay execution of the child support order. The

trial court failed to make the statutorily required bond determination to allow

plaintiff to stay execution of the party’s jointly appealed order, which would have

allowed plaintiff to avoid being held in civil contempt. The trial court’s order should

be reversed. I respectfully dissent.

 I. Standard of Review

 This Court reviews whether a trial court has properly followed, interpreted, or

applied a statutory mandate de novo. McKinney v. McKinney, 228 N.C. App. 300, 301,

745 S.E.2d 356, 358 (2013) (citation omitted), disc. review denied and dismissed as

moot, 367 N.C. 288, 753 S.E.2d 679 (2014).

 II. Analysis
 SMITH V. SMITH

 TYSON, J., dissent

 N.C. Gen. Stat. § 1-289, as applicable, provides:

 (a) If the appeal is from a judgment directing the payment
 of money, it does not stay the execution of the judgment
 unless a written undertaking is executed on the part of the
 appellant, by one or more sureties, to the effect that if the
 judgment appealed from, or any part thereof, is affirmed,
 or the appeal is dismissed, the appellant will pay the
 amount directed to be paid by the judgment[.]

N.C. Gen. Stat. § 1-289(a) (2009) (emphasis supplied).

 Our Supreme Court held an order for the payment of child support is “a

judgment directing the payment of money” within the meaning of N.C. Gen. Stat. §

1-289. Quick v. Quick, 305 N.C. 446, 462, 290 S.E.2d 653, 663 (1982) (citations

omitted) (noting a child support order is a money judgment and an appeal does not

stay execution for the collection of judgment unless a stay or supersedeas is ordered).

Our Supreme Court’s holding in Quick remains controlling law. Nothing shows the

1983 amendment to N.C. Gen. Stat. § 50-13.4(f)(9) altered or limited Quick’s holding,

as posited in the majority’s opinion. See Romulus v. Romulus, 216 N.C. App. 28, 35,

715 S.E.2d 889, 893-94 (2011) (noting our Supreme Court has recognized judgments

directing the payment of alimony or child support are “judgments directing the

payment of money” under N. C. Gen. Stat. § 1-289).

 Here, plaintiff timely filed a motion to stay execution and enforcement of

judgment during appeal on 20 August 2014, after an order to show cause was issued

 2
 SMITH V. SMITH

 TYSON, J., dissent

by the trial court with only two (2) days prior notice to plaintiff, in violation of N.C.

Gen. Stat. § 5A-23(a1) (2015).

 In support of his motion, plaintiff averred “North Carolina law permits

[plaintiff] to seek a stay of execution and enforcement of the child support provisions

of the Support/Custody Order pending disposition of the parties’ respective cross-

appeals[,]” citing N.C. Gen. Stat. § 1-289 (2009). Plaintiff correctly asserted “N.C.

[Gen. Stat.] § 1-289 authorizes such a stay where [plaintiff] executes a written

undertaking by one or more sureties in an appropriate amount and after

consideration of the relevant factors set forth in and contemplated by [N.C. Gen.

Stat.] § 1-289.”

 The majority’s opinion purports to limit plaintiff’s options to obtain a stay of

execution on the judgment solely to filing a motion for supersedeas with this Court.

While N.C. Gen. Stat. § 50-13.4(f)(9) authorizes this Court to “stay any order for civil

contempt entered for child support,” see N.C. Gen. Stat. § 50-13.4(f)(9) (2015), this

option is not the only permissible avenue through which a party may obtain a stay of

“a judgment directing the payment of money.” Quick, 305 N.C. at 462, 290 S.E.2d at

663 (citations omitted).

 Nothing in the plain language of N.C. Gen. Stat. § 50-13.4(f)(9) or the pertinent

case law restricts or diminishes plaintiff’s right to seek a stay of execution under N.C.

Gen. Stat. § 1-289. Plaintiff’s motion was filed in accordance with the explicit

 3
 SMITH V. SMITH

 TYSON, J., dissent

statutory language of N.C. Gen. Stat. § 1-289, and does not conflict with other

statutory alternatives.

 The trial court failed to rule upon plaintiff’s motion for determination of a bond

as statutorily required and summarily denied plaintiff’s motion to stay execution and

enforcement of judgment on 15 October 2014. In the order denying plaintiff’s motion,

the trial court stated “N.C. Gen. Stat. § 50-13.4(f)(9) and the ruling in Guerrier v.

Guerrier, 155 N.C. App. 154, 574 S.E.2d 69 (2002) are controlling.” The trial court

wholly ignored and did not rule upon plaintiff’s rights under N.C. Gen. Stat. § 1-289

to set a bond and to allow him to post security to stay execution and enforcement of

the jointly appealed child support order. The trial court’s failure to do so permitted

defendant to “have her cake and eat it to,” by forcing plaintiff’s compliance, under

pain of contempt, with a contested matter on appeal, while allowing defendant to

continue challenging those portions of the same order on appeal which were

unfavorable to her.

 The plain language of N.C. Gen. Stat. § 1-289 authorized plaintiff to seek a

stay of execution and required the trial court to determine conditions and set a bond.

The trial court, as fact finder, and the forum where defendant’s contempt motion was

pending, was a proper forum to determine and set conditions of the bond to stay the

order. The trial court failed to consider and rule upon plaintiff’s motion in accordance

with the statutory mandate. The trial court’s order denying plaintiff’s motion to stay

 4
 SMITH V. SMITH

 TYSON, J., dissent

execution and enforcement of judgment during appeal was erroneously entered based

upon a disregard or misapprehension of law. Blitz v. Agean, Inc., 197 N.C. App. 296,

312, 677 S.E.2d 1, 11 (2009) (“Where a ruling is based upon a misapprehension of the

applicable law, the cause will be remanded in order that the matter may be

considered in its true legal light.” (citations and quotation marks omitted)).

 The trial court erroneously refused to consider plaintiff’s motion to determine

the bond or security and stay execution of the appealed judgment. As a result, the

trial court permitted defendant to proceed on her motion for contempt and show cause

order against plaintiff upon only two (2) days prior notice. Had the trial court

properly considered plaintiff’s motion to stay execution of the judgment and set a

bond as set forth in N.C. Gen. Stat. § 1-289, defendant’s motion to hold plaintiff in

civil contempt would have inevitably failed. See Smith v. Miller, 155 N.C. 242, 71 S.E.

355 (1911) (holding there will be a stay of execution as to the parties appealing, upon

compliance with this section); Bryan v. Hubbs, 69 N.C. 423 (1873) (holding posting of

security operates as stay of execution of judgment).

 If the trial court had properly ruled upon plaintiff’s motion to set a bond and

stay execution of the judgment, defendant’s motion to hold plaintiff in civil contempt

would have failed. Defendant could not demonstrate plaintiff’s “willful

noncompliance” or “stubborn resistance” if a bond had been determined, posted, and

the money judgment stayed. N.C. Gen. Stat. § 5A-21(a) (2015).

 5
 SMITH V. SMITH

 TYSON, J., dissent

 The trial court entirely ignored an apt and permissible basis to allow plaintiff

to stay execution of the judgment under § 1-289. Plaintiff was prejudiced by

subsequently being found in civil contempt for his willful noncompliance with the

very order he sought to have stayed and pending on cross-appeals by both parties.

See Meehan v. Lawrence, 166 N.C. App. 369, 378, 602 S.E.2d 21, 27 (2004) (“In

explaining the ‘willfulness’ requirement necessary to find a party in civil contempt,

our Supreme Court has noted this term imports knowledge and a stubborn

resistance.” (citations and internal quotation marks omitted)).

 The trial court erred by holding plaintiff in willful civil contempt for the non-

payment of the private school tuition expenses set out in the appealed child support

order. I vote to reverse the contempt order appealed from, and remand to the trial

court for ruling and entry of an order consistent with the statutory mandate set forth

in N.C. Gen. Stat. § 1-289.

 III. Conclusion

 Plaintiff was statutorily allowed to seek a stay of execution of the judgment

and for the trial court to determine and set bond conditions, pursuant to N.C. Gen.

Stat. § 1-289. The trial court’s order failed to rule upon plaintiff’s motion, and set a

bond and security conditions to stay execution of the judgment. The trial court’s

contempt order was entered based upon a disregard for and misapprehension of the

law.

 6
 SMITH V. SMITH

 TYSON, J., dissent

 Plaintiff was entitled to a ruling on his motion under N.C. Gen. Stat. § 1-289

and for the trial court to determine bond conditions to stay execution of the judgment,

from which defendant had also appealed. Doing so would have precluded the trial

court from having to rule on defendant’s two-day noticed motion for contempt, in

violation of N.C. Gen. Stat. § 5A-23(a1). I respectfully dissent.

 7